# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RUSSELL BRAMMER, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 1:17-CV-1009 |
| VIOLENT HUES PRODUCTIONS, LLC, | : |
| Defendant. | : |

### PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, PLAINTIFF'S OBJECTIONS TO DEPOSITION, WITH CERTIFICATE OF ATTEMPT TO RESOLVE, AND NOTICE BY OBJECTING WITNESS

Plaintiff RUSSELL BRAMMER objects to the deposition of Plaintiff to the notice requiring the appearance of Plaintiff to appear at the respective deposition.

Plaintiff RUSSELL BRAMMER moves the Court for its protective order, ordering that the deposition not be had, or that the deposition may be had only on specified terms and conditions, including a designation of a reasonable time, place, and method; and for the Court's further orders quashing the deposition and protecting Plaintiff from the deposition and awarding attorneys' fees and costs to Plaintiff.

### STATEMENT OF THE CASE

1. This lawsuit was filed on September 11, 2017, against VIOLENT HUES PRODUCTIONS, LLC ("Violent Hues") for copyright infringement.

2. Prior to filing the lawsuit, Plaintiff attempted to engage Violent Hues and its sole owner,

Fernando Mico ("Mico"), in an attempt to avoid litigation. Plaintiff made more than ten attempts to engage Mico, including by letter, email, and telephone.

3. Prior to this lawsuit, Mico declined to engage in settlement discussions with Plaintiff.

4. Following the initiation of this lawsuit, Plaintiff delivered Notice of Lawsuit and Request to Waive Service of a Summons, and Waiver of the Service of Summons, pursuant to Fed. R. Civ. Proc. 4(d), to Violent Hues through its registered agent, Mico.

5. Violent Hues declined to waive service.

6. Following the initiation of this lawsuit, Mico attempted to represent Violent Hues *pro se*.

7. Before ultimately hiring present counsel, Mico filed five pleadings with the court. [ECF Nos. 11, 14, 20, 22, 23], causing Plaintiff to expend significant time and financial resources. In the aforementioned pleadings, Defendant asserted the following "affirmative defenses:" fair use, mandatory arbitration, fraud, estoppel, assumed risk, posting work on a publicly available photo-sharing website, failing to properly mark work, statute of limitations, and waiver of claims.

8. Mico admitted to downloading the photograph at issue in the case ("Copyrighted Photograph") from Flickr, a photo sharing website. [ECF No. 6, Page 3, ¶ 1].

9. Mico admitted to copying and posting Copyrighted Photograph to Defendant's website. [ECF No. 6, Page 3, ¶ 1].

10. Following opposing counsel's Notice of Appearance [ECF No. 27], Plaintiff and Defendant have engaged in regular communication about discovery matters and settlement negotiations.

11. This case does not involve the possibility of statutory damages nor attorneys' fees pursuant to 17 U.S.C. § 504(c) because Plaintiff has not alleged timely registration of Copyrighted Photograph.

12. In a February 25, 2018 email to Defendant, Plaintiff valued the actual damages in this case at $1,250.00, based on Plaintiff's previous history of licensing Copyrighted Photograph.

13. On March 1, 2018, Defendant noticed Plaintiff with Notice of Videotaped Deposition of Russell Brammer [Exhibit A], and made clear its intent to subpoena Laura Cassill, wife of Plaintiff.

14. Defendant's Notice of Videotaped Deposition of Russell Brammer listed an office in the District of Columbia as the location of the deposition.

15. On March 7, 2018, Defendant noticed Plaintiff with Amended Notice of Videotaped Deposition of Russell Brammer. [Exhibit B].

16. Defendant's Notice of Amended Videotaped Deposition of Russell Brammer listed an office in Alexandria, Virginia as the location of the deposition.

## THE SUBJECT DEPOSITION AND SUBPOENA

The deposition which is the subject of this objection and motion is the deposition of Plaintiff on the date of April 4, 2018, at 9:00 am EST, at the office of Craig Reilly, Esq., 111 Oronoco Street, Alexandria, Virginia 22314. Defendant VIOLENT HUES PRODUCTIONS, LLC has served Plaintiff, through counsel, with the Amended Notice of Videotaped Deposition of Russell Brammer.

This motion and the following objection is made pursuant to Local Civil Rule 30(A).

## OBJECTIONS TO PLACE OF DEPOSITION AND LEGAL ARGUMENTS

Plaintiff's objection to the location specified in the Amended Notice of Videotaped Deposition of Russell Brammer is that the time and cost of traveling to the location would be exceedingly burdensome to Plaintiff. Plaintiff resides in Corvallis, Oregon. While Plaintiff

previously resided in the District of Columbia Metropolitan Area for numerous years prior to relocating to Oregon (including the date of capture of Copyrighted Photograph), Plaintiff has made no trips to the District of Columbia Metropolitan Area since moving in 2017. [Affidavit of Russell Brammer is attached as a separate exhibit to this filing].

Defendant's request that Plaintiff appear in Alexandria, Virginia for deposition seems designed to make Plaintiff unnecessarily expend significant financial resources in exchange for very little, if any, benefit to Defendant. The facts alleged in the complaint are remarkably straightforward: Plaintiff captured a photograph; Plaintiff posted the photograph online; Plaintiff registered the photograph with the United States Copyright Office within five years of first publication; Plaintiff has never assigned the copyright; and, Defendant copied and posted the photograph to a commercial website owned and operated by itself. [ECF No. 1].

The broadest potential subjects of interrogatories or a deposition are limited to a very narrow list. They include: details of Plaintiff's captured of the photograph; details of the digital image file and metadata; or, the details of the application and issuance of the Certificate of Registration by the United States Copyright Office.

The complaint includes a copy of the Certificate of Registration for Copyrighted Photograph. Pursuant to 17 U.S.C. § 410, a certificate of registration is prima facie evidence of the validity of the copyright and the facts stated in the certificate. Further, 17 U.S.C. § 411 deals specifically with the subject of "inaccurate information" included on the copyright application. 17 U.S.C. § 411 mandates the method for alleging such inaccurate information, which is for the court to "request the Register of Copyright to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."

With respect to Defendant's insistence to depose Plaintiff, all questions may be efficiently, accurately, and completely answered without opposing counsel and Plaintiff occupying the same physical space. Plaintiff has made clear to Defendant his willingness to participate in a deposition via telephone. To date, defendant has insisted on an in-person deposition in the District of Columbia or Alexandria, Virginia.

Plaintiff's present motion and objections are not an effort to escape the responsibilities of providing required and relevant information to Defendant. Rather, Plaintiff's motion is a request to bring Defendant's deposition request within a commensurate relationship to the limited scope and issues of this case. Local Civil Rule 30(A) permits the Court to order a "special circumstances" exception to the requirement that the Plaintiff submit to a deposition at a place designated within the division.

Plaintiff has in good faith conferred with Defendant in an effort to resolve the dispute without court action. The undersigned attorney personally made a good faith effort to resolve with matter with opposing counsel but was unable to come to a resolution of the matter.

WHEREFORE, Plaintiff prays for the order of the Court: sustaining these objections; granting an appropriate protective order; quashing any subpoena issued to require attendance of Plaintiff and; setting a date for a hearing on the attorneys' fees and costs to be awarded to Plaintiff.

Dated: March 15, 2018     ___/s/__David C. Deal_____
                          David C. Deal (VA Bar No. 86005)
                          The Law Office of David C. Deal, P.L.C.
                          P.O. Box 1042
                          Crozet, VA 22932
                          Telephone: 434-233-2727
                          Facsimile: 888-965-8083
                          Email: david@daviddeal.com
                          *Counsel for Plaintiff*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| RUSSELL BRAMMER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No.: 1:17-cv-01009-CMH-IDD |
| VIOLENT HUES PRODUCTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF VIDEOTAPED DEPOSITION OF RUSSELL BRAMMER**

TO: ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30 and Rule 16(B) Scheduling Order (ECF No. 29), Defendant Violent Hues Productions, LLC will take the videotaped deposition upon oral examination of Russell Brammer. The deposition will commence on April 4, 2018, at 9:00 AM EST, at Kirkland & Ellis, LLP, 655 15th Street, N.W., Suite 1200, Washington, DC 20005. The deposition will be taken for discovery, cross-examination, and all other purposes permitted by the Federal Rules of Civil Procedure before an authorized court reporter and videographer.

The attorney point of contact for the noticing party is Tom Weir, of the law firm Kirkland & Ellis LLP, 655 15th Street, N.W., Washington, DC 20005, telephone: (202) 879-5952, email: tom.weir@kirkland.com.

Dated: March 1, 2018   Respectfully submitted,

/s/ Paul J. Weeks
Judson D. Brown (admitted *pro hac vice*)
Thomas P. Weir (admitted *pro hac vice*)
Paul J. Weeks (VA Bar No.: 89656)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone:  (202) 879-5000

*Counsel for Defendant Violent Hues Productions, LLC*

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| RUSSELL BRAMMER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) Civil Action No.: 1:17-cv-01009-CMH-IDD | |
| VIOLENT HUES PRODUCTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

**AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF RUSSELL BRAMMER**

TO:   ALL COUNSEL OF RECORD

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30 and Rule 16(B) Scheduling Order (ECF No. 29), Defendant Violent Hues Productions, LLC will take the videotaped deposition upon oral examination of Russell Brammer. The deposition will commence on April 4, 2018, at 9:00 AM EST, at the office of Craig C. Reilly, Esq, 111 Oronoco Street, Alexandria, Virginia 22314. The deposition will be taken for discovery, cross-examination, and all other purposes permitted by the Federal Rules of Civil Procedure before an authorized court reporter and videographer.

The attorney point of contact for the noticing party is Tom Weir, of the law firm Kirkland & Ellis LLP, 655 15th Street, N.W., Washington, DC 20005, telephone: (202) 879-5952, email: tom.weir@kirkland.com.

Dated: March 7, 2018							Respectfully submitted,

/s/ Paul J. Weeks
Judson D. Brown (admitted *pro hac vice*)
Thomas P. Weir (admitted *pro hac vice*)
Paul J. Weeks (VA Bar No.: 89656)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone: (202) 879-5000

*Counsel for Defendant Violent Hues Productions, LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the March 15, 2018, copies of the foregoing Plaintiff's Motion for Protective Order, Objections to Deposition, with Certificate of Attempt to resolve, and Notices by Objecting Witnesses were delivered by USPS First Class Mail and email to the following:

Thomas P. Weir
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20005
Telephone: 202-879-5952

Dated: March 15, 2018

\_\_\_/s/\_\_David C. Deal_____
David C. Deal (VA Bar No. 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
Telephone: 434-233-2727
Facsimile: 888-965-8083
Email: david@daviddeal.com
*Counsel for Plaintiff*