**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| RUSSELL BRAMMER,           ) | |
|          ) | |
|         Plaintiff,      ) | |
|     v.               ) | Civil Action No.: 1:17-cv-01009-CMH-IDD |
|                 ) | |
| VIOLENT HUES PRODUCTIONS, LLC, ) | |
|           ) | |
|        Defendant.    ) | |

**VIOLENT HUES PRODUCTIONS, LLC'S RESPONSE IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff remarkably seeks a protective order so that Mr. Brammer himself—the Plaintiff who chose to file suit in Alexandria, who seeks an unspecified amount of damages from Defendant, and who is financially and physically able to travel—need not appear in-person for a deposition less than two miles from this Courthouse. Even more remarkably, Plaintiff does not cite a single case supporting the extraordinary relief that he seeks. That is unsurprising given that ample Fourth Circuit case law and the Rules of this Court reject his position. Defendant therefore respectfully requests that Plaintiff's Motion for Protective Order [ECF No. 38] be denied, and that Plaintiff be ordered to pay Defendant's reasonable fees and costs incurred in responding to this meritless and unnecessary motion.

**BACKGROUND**

On February 8, 2018, the Court entered a Rule 16(B) Scheduling Order [ECF No. 29] that approved the parties' Discovery Plan [ECF No. 28]. Pursuant to that Scheduling Order and Discovery Plan, discovery commenced in December 2017 and is to be completed by April 13, 2017.

The Discovery Plan and Scheduling Order expressly contemplate depositions and make

clear that the parties may each take up to five fact depositions. To that end, on March 1, 2018, Defendant Violent Hues Productions, LLC ("Violent Hues") served a notice of deposition for Plaintiff Russell Brammer, noticing the deposition for defense counsel's offices in Washington, D.C. *See* Mar. 1, 2018 Brammer Notice of Dep. (Ex. 1).

In response to this routine request to depose the Plaintiff, Plaintiff's counsel immediately objected to the deposition, stating: "I am afraid you (not your client) have taken the opportunity to turn this case into your own personal litigation practice session." *See* Mar. 1, 2018 Email Deal to Weir (Ex. 2). Rather than discuss the grounds for his objection or his belief that a deposition of the Plaintiff is inappropriate, Plaintiff's counsel subsequently asserted that the deposition notice was defective, but refused to identify any alleged defect. *See* Mar. 2, 2018 Email Deal to Weir (Ex. 3). This refusal persisted even after Violent Hues offered to hold the deposition in Alexandria, Virginia, if that would ameliorate counsel's concerns. *See* Mar. 4, 2018 Email Weir to Deal (Ex. 4); Mar. 5, 2018 Email Weir to Deal (Ex. 5).

A week after the deposition notice was served, Plaintiff's counsel identified the alleged deficiency: the deposition was noticed for Washington, DC, not Alexandria. He demanded that Violent Hues serve a revised notice, which it did the same day. *See* Mar. 7, 2018 Brammer Am. Notice of Dep. (Ex. 6). Although Violent Hues jumped through the meaningless hoops that Plaintiff's counsel erected, Plaintiff has now moved this Court for a protective order to avoid appearing for that deposition in Alexandria. Plaintiff's Motion has no support in Fourth Circuit case law or this Court's Rules, and therefore should be denied.

## ARGUMENT

## I.   PLAINTIFF'S MOTION LACKS MERIT AND SHOULD BE DENIED

Violent Hues has noticed Plaintiff's deposition in Alexandria, Virginia—the district where Plaintiff filed suit. According to Local Rule 30(A), "[a]ny party … filing a civil action in the

proper division of this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within the division."  Accordingly, this Court has routinely held that "*a plaintiff may be deposed in the judicial district where the action was brought,* inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there."  *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. 2010) (emphasis added); *see also Plant v. Merrifield Town Ctr. Ltd. P'ship*, 711 F. Supp. 2d 576, 589 n.9 (E.D. Va. 2010) ("[B]arring exceptional circumstances, plaintiffs must be available for a deposition in the district in which the action was brought.").  Courts around the country and treatises have similarly explained that plaintiffs subject themselves to depositions in the jurisdiction where they chose to file a lawsuit.  *See, e.g.*, *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999) ("The plaintiff … has not only taken the volitional step of initiating the lawsuit or claim, he or she stands to gain a substantial monetary sum and/or other beneficial relief as a result of suing a defendant.  A plaintiff, therefore, cannot invoke the mere fact [of] inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim."); 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice & Procedure* § 2112 (3d ed.) ("Ordinarily, plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.  Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition.") (footnote omitted).

Against the backdrop of this general rule, the Court may make an exception where the plaintiff "is of such age or physical condition, or special circumstances exist, as may reasonably interfere with the orderly taking of a deposition at a place within the division."  E.D. Va. Local Rule 30(A).  Plaintiff makes the conclusory claim that such "special circumstances exist" here, but

fails entirely to show why such circumstances might "reasonably interfere with the orderly taking of a deposition at a place within the division."  Indeed, Plaintiff's sole argument is that attending a deposition in this jurisdiction would cost him money; he apparently believes his case is not worth much money, so argues that he should not have to travel to the jurisdiction for his deposition.

Plaintiff's position is not only absurd—he surely plans to travel to the jurisdiction to attend trial—but it is belied by the law of this Court.

*First*, Plaintiff claims that "the financial cost of such an appearance [at deposition in Alexandria] would be extremely high" because he would lose two days of income and incur costs for transportation and lodging.  March 13, 2018 Brammer Aff. [ECF No. 34] ¶¶ 6-8.  While Violent Hues is certainly willing to work with Plaintiff and his counsel to minimize travel expenses, courts in this Circuit have specifically held that such costs are inherent in depositions and do not warrant protecting a plaintiff from traveling to his chosen jurisdiction for a deposition:

> Although Plaintiff may incur burden and expense in traveling to North Carolina, "[d]epositions usually involve some burden to all participants.  They often involve expense for transportation, sometimes overnight lodging, and often some loss of income.  Such expense and loss constitute part of the ordinary burden or litigation that each party must bear."

*Eckles v. United States*, 2012 WL 3962664, at *2 (M.D.N.C. Sept. 10, 2012) (quoting *Clayton v. Velociti, Inc.*, 2009 WL 1033738, at *3 (D. Kan. Apr. 17, 2009)).

Moreover, Plaintiff offers this Court no evidence "'regarding [his] financial situation'" and therefore has "'not shown why the inconvenience and expense for [him] in this case is any greater than it would be in the majority of cases which form the general rule … that a plaintiff is expected to appear for deposition in the forum [he] selected.'"  *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 279 (D. Md. 2012) (quoting *McGinley v. Barratta*, 2006 WL 2346301, at *2 (E.D. Pa. Aug. 11, 2006)); *see also Eckles*, 2012 WL 3962664, at *2 ("Plaintiff's instant showing—that she would have to take three days off of work and would lose that income in addition to the cost of

travel—does not appear unusual in any way.").

**Second**, Plaintiff's assertion that there is "very little, if any, benefit to Defendant" of taking Plaintiff's deposition in-person is false.  *See* March 15, 2018 Mot. [ECF No. 38] at 4.  There are few witnesses in this case and the documentary evidence is sparse, so Plaintiff's deposition is of particular importance for developing the factual record and preparing for trial.  Conducting the deposition by telephone as Plaintiff suggests would deprive Violent Hues of the many advantages of an in-person deposition.  For example, Defense counsel would be unable to observe Plaintiff's demeanor and nonverbal reactions—aspects of an in-person deposition that courts have routinely identified as bases for rejecting requests for telephonic depositions.  *See, e.g.*, *Webb*, 283 F.R.D. at 280 (Denying motion for protective order and agreeing with Defendants' claim that "they would be prejudiced by the inability to observe the demeanor and facial expressions of Plaintiff during a telephonic deposition.") (citation omitted); *Dieng v. Hilton Grand Vacations Co.*, 2011 WL 812165, at *2 (D. Nev. Mar. 1, 2011) ("Telephonic depositions are not recommended for obtaining controversial testimony, such as from a plaintiff, because the inquirer cannot observe the impact of his or her questions, evaluate the witness' nonverbal responses, or be able to ascertain whether anyone is listening in or coaching the witness.").  This is especially true in situations like this one, where the deposition is of the party who instituted the case and will involve "controversial testimony" that "go[es] to the heart of the parties' claims and defenses."  *Webb*, 283 F.R.D. at 280 (citation omitted).

In addition, Violent Hues expects that it will use multiple documents in the deposition, all of which are central to its defenses in this case and Plaintiff's alleged damages.  Conducting the deposition by telephone would require Defense counsel to disclose the documents in advance of the deposition, depriving Defendant of a meaningful advantage of an in-person deposition.  And

discussing these documents over the phone would be needlessly inefficient and rob Violent Hues of valuable deposition time.   Again, courts have consistently held that the use of such key documents weighs against a telephonic deposition.   *See, e.g.*, *Webb*, 283 F.R.D. at 280 ("Defendant and Third Party Defendant … intend to refer to numerous documents during their deposition of Plaintiff, and believe that it would be difficult, if not entirely ineffective, to examine Plaintiff about those documents over the telephone. … I find that argument to be a persuasive ground for denying the request for a telephonic deposition."); *Cressler v. Neuenschwander,* 170 F.R.D. 20, 22 (D. Kan. 1996) ("The defendants submit that it would be extremely difficult to identify, mark, and utilize the witnesses' extensive medical records during a telephonic deposition, or to use medical articles and journals to cross-examine the witnesses. The existence of voluminous documents which are central to a case may preclude a telephonic deposition.").

## II.   PLAINTIFF'S MOTION IS MERITLESS AND UNNECESSARY, AND DEFENDANT IS ENTITLED TO ITS FEES INCURRED IN OPPOSING THE MOTION

This Court's rules state clearly that "[t]he presentation to the Court of unnecessary discovery motions, … as well as any unwarranted opposition to proper discovery proceedings, will subject such party to appropriate remedies and sanctions, including the imposition of costs and counsel fees."  E.D. Va. Local Rule 37(G).  This motion—seeking a protective order to avoid the Plaintiff's in-person deposition—falls squarely within the ambit of those that warrant imposing costs and counsel fees.  As described above, Defendant sent the deposition notice on March 1, Plaintiff's Counsel then engaged in a week of objections and obstruction, and now, Plaintiff seeks a protective order without any valid basis or support for doing so.  Indeed, the only law that Plaintiff cites is Local Rule 30(A), but that rule expressly contradicts Plaintiff's position.  The law is clear: Plaintiff is required to appear in this jurisdiction for a properly noticed deposition.  He has provided no valid reason for not doing so.  Plaintiff's Motion for Protective Order is therefore

unnecessary and unwarranted, and Violent Hues should receive its reasonable fees for having to oppose it.

## CONCLUSION

For the reasons provided above, Defendant respectfully requests that the Court deny Plaintiff's Motion for Protective Order, compel Plaintiff to appear for a deposition in Alexandria, and award Defendant its reasonable fees incurred in opposing this motion.

Dated: March 21, 2018                     Respectfully submitted,

/s/ Paul J. Weeks
Judson D. Brown (admitted *pro hac vice*)
Thomas P. Weir (admitted *pro hac vice*)
Paul J. Weeks (VA Bar No.: 89656)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone:  (202) 879-5000

*Counsel for Defendant Violent Hues Productions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2018, I electronically served the foregoing Opposition to Motion for Protective on all counsel of record.

/s/ Paul J. Weeks
_____
Judson D. Brown (admitted *pro hac vice*)
Thomas P. Weir (admitted *pro hac vice*)
Paul J. Weeks (VA Bar No.: 89656)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone:  (202) 879-5000