# EXHIBIT 5

| | |
|---|---|
| **From:** | Weir, Thomas P. |
| **To:** | "David Deal" |
| **Cc:** | Kustina, Emily M.; Brown, Judson; Weeks, Paul J. |
| **Subject:** | RE: Brammer v. Violent Hues |
| **Date:** | Monday, March 5, 2018 9:18:00 AM |

David,

Your evolving position concerning the deposition of your client—first asserting that you would file a motion to avoid the deposition, then vaguely claiming that our notice is deficient, and finally refusing entirely to explain how so after we repeatedly expressed a willingness to work with you on location—is unreasonable and unwarranted.  Given your intransigence, we plan to file a motion this week to compel your client's attendance at the deposition as noticed, and we will be requesting our fees and costs under FRCP 37 and LR 37.

Separately, you also never let us know whether you will produce documents to us electronically as we agreed in our ESI protocol.  If we do not receive a response, we will move on that issue as well.

We hope to avoid unnecessary motions practice on these simple and straightforward issues.  To that end, let me know if you want to reconsider your position.

Tom


**Thomas P. Weir**

**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W., Washington, D.C. 20005
**T** +1 202 879 5952  **M** +1 610 316 4351
**F** +1 202 879 5200

tom.weir@kirkland.com


**From:** David Deal [mailto:david@daviddeal.com]
**Sent:** Sunday, March 4, 2018 12:20 PM
**To:** Weir, Thomas P. <tom.weir@kirkland.com>
**Cc:** Kustina, Emily M. <emily.kustina@kirkland.com>; Brown, Judson <jdbrown@kirkland.com>; Weeks, Paul J. <paul.weeks@kirkland.com>
**Subject:** RE: Brammer v. Violent Hues


Tom,

As I previously stated, the notice is defective. Respectfully, it is not my role to point out your mistakes. The notice is less than one page. I am sure you can figure it out. If the notice is not cured, my client will not be present for the deposition. If you believe it is proper in present form, you are free to leave it as is, but Mr. Brammer will not be obligated to appear.

Again, once my client is properly noticed, we should talk, as we are required, before I file our

motion. I trust this will be soon considering the tight discovery schedule.

On March 4, 2018 at 9:54 AM "Weir, Thomas P." <tom.weir@kirkland.com> wrote:

David,

If something is wrong with the notice, please specify what it is and we will fix it if necessary.  If your issue is that the location is not in Alexandria, let us know and we will arrange for deposition space there if you insist.  At present, we believe that we served you with a deposition notice that complies with the Federal Rules and Local Rules and expect that you will present your client for the deposition as noticed unless we come to an agreement otherwise.

Tom

**Thomas P. Weir**
-----------------------------------------
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W., Washington, D.C. 20005
**T** +1 202 879 5952  **M** +1 610 316 4351

**F** +1 202 879 5200
-----------------------------------------
tom.weir@kirkland.com

---

**From:** David Deal [mailto:david@daviddeal.com]
**Sent:** Friday, March 2, 2018 11:10 AM
**To:** Weir, Thomas P. <tom.weir@kirkland.com>
**Cc:** Kustina, Emily M. <emily.kustina@kirkland.com>; Brown, Judson <jdbrown@kirkland.com>; Weeks, Paul J. <paul.weeks@kirkland.com>
**Subject:** RE: Brammer v. Violent Hues

Tom,

A few things. First, your Notice of Deposition is defective. Without a proper

notice, my client is not obligated to be present and will not do so. When my office receives a proper notice that follows the local rules, my suggestion is we speak by telephone to see if we can work things out before I file a Motion for Protective Order.

Thank you,

> On March 2, 2018 at 9:00 AM "Weir, Thomas P." <tom.weir@kirkland.com> wrote:
>
> David,
>
> I can assure you that we are not turning this case into our "own personal litigation practice session"; we are zealously representing our client. If you want to file an objection to the notice to depose your client, you are free to do so. We see no basis for such a motion—we are merely asking to depose the plaintiff, the person who initiated this lawsuit and is seeking money damages from our client. And we seek to do so very close to the courthouse where he filed the case. I'm frankly surprised that you find our routine request to depose our client's adversary to be so objectionable, but we're happy to address the issues with the court if that's your preference.
>
> Tom
>
> **Thomas P. Weir**
> ------------------------------------------------------------
> **KIRKLAND & ELLIS LLP**
> 655 Fifteenth Street, N.W., Washington, D.C. 20005
> **T** +1 202 879 5952  **M** +1 610 316 4351
>
> **F** +1 202 879 5200
> ------------------------------------------------------------
> tom.weir@kirkland.com
>
> ---
>
> **From:** David Deal [mailto:david@daviddeal.com]
> **Sent:** Thursday, March 1, 2018 3:07 PM
> **To:** Weir, Thomas P. <tom.weir@kirkland.com>
> **Cc:** Kustina, Emily M. <emily.kustina@kirkland.com>; Brown, Judson <jdbrown@kirkland.com>; Weeks, Paul J. <paul.weeks@kirkland.com>

**Subject:** Re: Brammer v. Violent Hues

Tom,

We will be filing an objection to your deposition requests. I am afraid you (not your client) have taken the opportunity to turn this case into your own personal litigation practice session.

I will leave it up to you to explain to the court the need to force my client and his wife to travel to Virginia in order to answer a few questions, especially considering we have made an offer of $1,800.00 to settle the case.

Good luck with your approach.

On March 1, 2018 at 2:33 PM "Weir, Thomas P." <tom.weir@kirkland.com> wrote:

David,

Attached please find a deposition notice for Mr. Brammer.  We also intend to take the deposition of Mr. Brammer's wife; will you accept service on her behalf so that she does not have to be formally served with a deposition subpoena?  If not, please have Mr. Brammer let her know that the subpoena is coming so it is not a surprise.

Thanks,

Tom

**Thomas P. Weir**
==========================================================
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, N.W., Washington, D.C. 20005
**T** +1 202 879 5952  **M** +1 610 316 4351

**F** +1 202 879 5200

———————————————————————
tom.weir@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

David

**David C. Deal**
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, Virginia 22932
434-233-2727, Telephone
888-965-8083, Fax
www.daviddeal.com

This electronic message is confidential and is intended only for the use of the individual to whom it is addressed. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, you are hereby notified that any use, dissemination, distribution or reproduction of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender and delete the message from your system.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

David

**David C. Deal**
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, Virginia 22932
434-233-2727, Telephone
888-965-8083, Fax
www.daviddeal.com

This electronic message is confidential and is intended only for the use of the individual to whom it is addressed. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, you are hereby notified that any use, dissemination, distribution or reproduction of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender and delete the message from your system.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

David

**David C. Deal**
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, Virginia 22932
434-233-2727, Telephone
888-965-8083, Fax
www.daviddeal.com

This electronic message is confidential and is intended only for the use of the individual to whom it is addressed. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, you are hereby notified that any use, dissemination, distribution or reproduction of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender and delete the message from your system.