UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| RUSSELL BRAMMER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 1:17-cv-01009-CMH-IDD |
| VIOLENT HUES PRODUCTIONS, LLC, | ) |
| Defendant. | ) |

**DEFENDANT VIOLENT HUES PRODUCTIONS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD PARTY**

Six weeks ago, this Court entered a Scheduling Order requiring that "[a]ny motion to amend the pleadings or to join a party ***shall be made as soon as possible*** after counsel or the party becomes aware of the grounds for the motion." Feb. 8, 2018 Rule 16(B) Scheduling Order [ECF No. 29] ¶ 5 (emphasis added). Yet now, with just three weeks remaining in the discovery period, Plaintiff has moved this Court for leave to amend his complaint to add another defendant (Mr. Mico) based on facts that he admittedly learned at least five months ago. Plaintiff does not attempt to explain the reason for his delay; he has none. Nor does he attempt to explain why he chose not to join Mr. Mico when he first attempted to amend his complaint last December. This alone is grounds for denying his Motion. Worse, the joinder Plaintiff seeks will undoubtedly delay the agreed-to and Court-ordered schedule already in place. Plaintiff's Motion should be denied.

**BACKGROUND**

On February 7, 2017, Plaintiff's counsel sent Violent Hues Productions, LLC ("Violent Hues") a letter addressed to Fernando Mico, Violent Hues' owner, asserting that Violent Hues infringed Plaintiff's copyrighted photograph, and seeking a $4,500 payment. *See* Feb. 7, 2017 Letter Deal to Mico [ECF No. 6-1]. After this and several other attempts to settle the matter were

unsuccessful, Plaintiff filed this action against Violent Hues—but not Mr. Mico—in September 2017. Sept. 10, 2017 Compl. [ECF. No. 1].

For the first few months of litigation, Mr. Mico attempted to represent Violent Hues in a *pro se* capacity. During that time, on October 24, 2017, Violent Hues filed a motion to dismiss, in which Mr. Mico made a number of statements about Violent Hues. *See* Oct. 24, 2017 Violent Hues Mot. to Dismiss [ECF. Nos. 5-6]. The Court denied that motion. *See* Dec. 1, 2017 Order [ECF No. 16].

At the Initial Pretrial Conference on December 27, 2017, the Court informed Mr. Mico that he would not be able to represent Violent Hues in a *pro se* capacity, and instructed Mr. Mico to retain counsel for Violent Hues. *See* Dec. 27, 2017 Initial Pretrial Conf. [ECF No. 21].

On December 19, 2017, Plaintiff filed his first motion for leave to amend the Complaint in an effort to add additional plaintiffs—but no other defendants. *See* Dec. 19, 2017 Mot. to Amend. [ECF No. 17]. The Court denied that motion a month later, holding that "Plaintiff failed to demonstrate that the claims of the parties he wishes to add arise out of the same transaction or occurrence at issue in this case." *See* Jan. 23, 2018 Order [ECF No. 24]. The Court also reiterated that Violent Hues must be represented by a licensed attorney, and ordered it to have counsel submit an appearance no later than February 2, 2018. On February 1, 2018, Violent Hues retained Kirkland & Ellis LLP, who submitted an appearance the same day. *See* ECF Nos. 25-27.

On February 7, 2018, the Parties together submitted a proposed discovery plan. It expressly addressed further amendment and joinder, stating:

> AMENDMENT AND JOINDER: Given the Court's denial of Brammer's motion to amend (ECF No. 24), **the parties do not anticipate that any further motions to amend will be filed**.

Feb. 7, 2018 Proposed Disc. Plan [ECF No. 28] ¶ 11 (emphasis added). On February 8, 2018, the Court approved the discovery plan in its Rule 16(B) Scheduling Order and ordered:

> Any motion to amend the pleadings or to join a party **shall be made as soon as possible after counsel or the party becomes aware of the grounds for the motion**.

Rule 16(B) Scheduling Order ¶ 5 (emphasis added). Pursuant to the Rule 16(B) Scheduling Order and this Court's initial scheduling order, all discovery shall be concluded by April 13, 2018, the final pretrial conference is set for April 19, 2018, and the trial will be set within four to eight weeks thereafter. *Id.* ¶ 1; Dec. 1, 2017 Order [ECF No. 15].

The parties commenced discovery soon after the issuance of the Court's Scheduling Order, which both sides have been completing over the last month-and-a-half in anticipation of the April 13, 2018 close of discovery. With just three weeks before the close of discovery, Plaintiff again seeks to amend his Complaint—this time to add a defendant he has known about for over a year—and run roughshod over this Court's schedule. Plaintiff's Motion should be denied.

## ARGUMENT

Under the Rules and this Court's Scheduling Order, Plaintiff must—but cannot—show that he was diligent in pursuing the Motion. Plaintiff argues that under Rule 15 leave to amend pleadings should "be freely given when justice so requires." March 15, 2018 Br. in Supp. Amend [ECF No. 35] at 2. But the Rule 15 standard only applies "prior to the entry of a scheduling order, at which point, under Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment." *Cook v. Howard*, 484 F. App'x 805, 814-15 (4th Cir. 2012); *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *accord Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008) ("Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

3

The Fourth Circuit has held that the focus of this "good cause" test should be on "the diligence of the party seeking amendment." *RFT Mgmt. Co. v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015) (citation omitted); *accord Thorpe v. Mechanicsville Concrete, LLC*, 2011 WL 3820809, at *2 (E.D. Va. Aug. 29, 2011) ("When considering whether a movant has shown good cause for an untimely amendment, a court should primarily consider the movant's diligence."). In particular,

> "Good cause" requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence," and whatever other factors are also considered, ***the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.***

*Cook*, 484 F. App'x at 815 (emphasis added & brackets omitted) (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure Civ.* § 1522.2 (3d ed. 2010)).

Because Plaintiff's Motion comes after the Court's Scheduling Order—an order which specifically demanded that any motion for leave to amend or add parties be made "as soon as possible"—Plaintiff must show that he acted diligently in seeking leave to amend. Plaintiff does not even try to meet that standard. Because he cannot. Plaintiff's own Motion admits that he seeks to add Mr. Mico based solely on "relevant facts" that Plaintiff has known for months. *See* March 15, 2018 Br. in Supp. Amend [ECF No. 35] at 4 (stating that the amended complaint "reflects facts provided to Plaintiff by Mico through the litigation process, ***albeit not discovery***.") (emphasis added). Plaintiff knew the existence of Mr. Mico and the potential for naming him as a defendant over a year ago—in February 2017, when Plaintiff's counsel began corresponding with Mr. Mico. And every single "relevant fact" that Plaintiff relies on in support of his Motion comes from Violent Hues' brief in support of its motion to dismiss, which was filed ***on October 24, 2017***— nearly two months before Plaintiff's prior attempt to amend and more than four months before his

latest gambit. *Id.* at 1-2. Far from complying with the Court's demand that any motion to amend "shall be made as soon as possible after counsel or the party becomes aware of the grounds for the motion," Plaintiff sat on this strategy for months before attempting to amend his complaint again. Given the Court's Order, which "clearly anticipates steady progress toward trial," it would "make little sense" to allow Plaintiff to amend at this late date when there is no justification for his delay. *See Thorpe*, 2011 WL 3820809, at \*2. The Motion should be denied based on Plaintiff's lack of diligence alone.

Plaintiff's lack of diligence is not merely an abstract concern—it meaningfully impacts Violent Hues and the Court, because adding a new defendant at this late date would undoubtedly disrupt the agreed-to and Court-approved schedule. Discovery in this case closes in three weeks, the final pretrial conference is less than a month away, and summary judgment motions are due soon after, on May 4. If Plaintiff's Motion is granted, all of these dates would have to be moved, by many months. Plaintiff would have to serve process on Mr. Mico—who would be an entirely new defendant despite his affiliation with Violent Hues—to bring him within the Court's jurisdiction.[1] *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 (2000) ("Beyond doubt, however, a prospective party cannot fairly be required to answer an amended pleading not yet permitted, framed, and served."). Mr. Mico would then have 14 days after being served to file an answer or other responsive pleading. *See* Fed. R. Civ. P. 15(a)(3). Thus, the absolute earliest that Mr. Mico would be required to respond would be the same week that discovery closes.

And while Plaintiff can disclaim his ability to serve discovery on Mr. Mico, he cannot unilaterally surrender Mr. Mico's right to discovery in this action, and he certainly cannot

---

[1] Undersigned counsel represents only Violent Hues and therefore cannot represent what Mr. Mico will or will not do if he were added as a defendant in this action. Rather, this discussion illustrates the inevitable impact on the Court's schedule in the event Plaintiff's Motion is granted.

5

foreclose Mr. Mico's ability to respond to Plaintiff's amended complaint with a motion to dismiss based on Rule 12(b) grounds, as "[t]his opportunity [is] fundamental to due process." *Nelson*, 529 U.S. at 466.  Put simply, despite Plaintiff's assertion to the contrary, an amended complaint adding a new party to this action would necessarily disrupt the Court's schedule.

There is no valid reason for Plaintiff's delay in seeking to add Mr. Mico as a defendant. And if Plaintiff is permitted to do so, the existing case schedule must be discarded and replaced entirely.  Plaintiff's Motion should therefore be denied.

## CONCLUSION

For the reasons provided above, Violent Hues respectfully requests that the Court deny Plaintiff's motion to amend the complaint to add party.


Dated: March 21, 2018

Respectfully submitted,

/s/ Paul J. Weeks
Paul J. Weeks (VA Bar No.: 89656)
Judson D. Brown (*pro hac vice*)
Thomas P. Weir (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone:  (202) 879-5000

*Counsel for Defendant Violent Hues Productions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2018, I electronically served the foregoing Opposition to Plaintiff's Motion to Amend Complaint to Add Party on all counsel of record.

/s/ Paul J. Weeks
Paul J. Weeks (VA Bar No.: 89656)
Judson D. Brown (*pro hac vice*)
Thomas P. Weir (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone:  (202) 879-5000