# EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Acting United States Register of Copyrights and Director

**Registration Number**

**VA 2-056-245**

**Effective Date of Registration:**
September 30, 2016

**Title**

Title of Work: Adams Morgan at Night

**Completion/Publication**

Year of Completion: 2012
Date of 1st Publication: March 27, 2013
Nation of 1ˢᵗ Publication: United States

**Author**

• Author: Russell Scott Brammer
Author Created: photograph
Citizen of: United States
Year Born: 1982

**Copyright Claimant**

Copyright Claimant: Russell Scott Brammer
6158 Clearsmoke ct, Columbia, MD, 21045, United States

**Rights and Permissions**

Name: Russell Brammer
Email: rb@russellbrammer.com

**Certification**

Name: Russell Brammer
Date: September 30, 2016

Page 1 of 1

F.A.M.E. Network | GO Indie DC | GO WEST Fest | GONOVAEntertainment Show | NOVA CON | NOVA K9 | AOF



THE
# NORTHERN VIRGINIA
### 3rd Annual
I N T E R N A T I O N A L
# FILM & MUSiC
F E S T I V A L

HOME | SUBMIT | NOVA FEST | SPONSORSHIP | CONTACT US



Photo by Scott Bauer – United States Department of Agriculture

## Plan Your Visit

We *are* named Top 20 Festivals to Vacation by *Dream Vacation Magazine* after all!

At the height of Cherry Blossom season there are so many sights and sounds to enjoy while attending the NOVA Fest. Yes, we are all that and a Costco size bag-of-chips, but there's so much more to enjoy in the area! And we want you to have the best possible experience during your visit with us.

We have listed a couple of accomodations for your stay below, if you want to be close to or be inside the Mosaic District. Enjoy some sweetheart discounts at the Mosaic shops. Then, check out the links to the multitude of spots to visit in our area.

We sincerely hope you will enjoy your time at the NOVA Fest and want to keep coming back year after year!

–The NOVA Fest Team

## Hotels



Exactly one mile from the Angelika Film Center, enjoy a few comforts from home with a full kitchen and amenities at Extended Stay America



This could be your view of the Angelika Film Center from your room at our host hotel the Hyatt House. Literally steps away from the theatre, you will be in the heart of the Mosaic District; surrounded by shops and restaurants. A great place to take naps in between seminars, receptions, screenings and parties!

Reservations here: HYATT HOUSE or call 888–591–1234
Mention The NOVA Fest or Group Code: **G-NOVA**

11/17/2016                                          NOVA Fest - Plan Your Visit

Make your reservations here:  Extended Stay



## Mosaic 10%

Enjoy a 10% or more discount at the following shops and restaurants at the Mosaic, home of the Angelika Film Center and the NOVA Fest. Just show your NOVA Badge or NOVA Ticket Stub to receive the discount.

## Places to GO & SEE!



Great Falls, VA



Cherry Blossoms at the National Mall, DC



Old Towne Alexandria, VA



Smithsonian, DC



National Harbor, MD



Adams Morgan, DC



Arlington National Cemetery, VA



Washington National Monuments, DC



Tysons Corner, VA



Georgetown, DC



Udvar-Hazy Center – National Air & Space Museum, VA



Mount Vernon, VA – Home of George Washington



©2016. All Rights Reserved.

 RUSSELL BRAMMER
PHOTOGRAPHY

 # INVOICE
Thank you for your business!

**Russell Brammer**
1125 NW Circle BLVD
Corvallis, Oregon 97330
United States

410-446-3060

BILL TO
**Bernstein Management Corporation**
Susan Haas
5301 Wisconsin Avenue Northwest
Suite 500
Washington, District of Columbia 20015
United States

202-827-2511
shaas@bmcproperties.com

| | | |
|---|---|---|
| **Invoice Number:** | 27 | |
| **Invoice Date:** | April 7, 2016 | |
| **Payment Due:** | April 22, 2016 | |
| **Amount Due (USD):** | $0.00 | |

| Service | Quantity | Price | Amount |
|---|---|---|---|
| **Photography license**<br>Grants Bernstein Management Corporation Non-exclusive limited license described in 'Notes' section below. | 2 | $1,250.00 | $2,500.00 |

| | | |
|---|---|---|
| **Total:** | $2,500.00 |
| Payment on April 30, 2016 using a check: | $2,500.00 |
| **Amount Due (USD):** | **$0.00** |

**Notes**

Description / Rights Granted / Usage:

Grants Bernstein Management Corporation Non-exclusive limited license to use photographs "Adams Morgan at Night" and "Adams Morgan at Sunset" for online digital promotion of apartment rentals at The Melwood, and The Sevilla in Washington DC using the websites bmcproperties.com, themelwood.com, and thesevilladc.com and on rental websites including but not limited to rentcafe.com and hotpads.com and similar for the purpose of promoting above properties. Also is granted a license to use one print created before 4/6/2016 of Adams Morgan at Night for decor. License is granted contingent on payment in full as per terms. Copyright remains exclusive property of photographer.

Payment due within 15 days of invoice.

Accepted method of payment: Check mailed to address above

Please make check payable to Russell Brammer.





FILED

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

2017 DEC 21  P 12: 59

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| **RUSSELL BRAMMER** | ) | |
| | ) | |
| **V.** | ) | **Civil Action No. 1:17-cv-1009** |
| | ) | |
| **Violent Hues Productions, LLC** | ) | |

## DEFENDANT VIOLENT HUES PRODUCTIONS LLC'S, ANSWER

Defendant Violent Hues Productions, LLC ("Defendant"), *pro se,* provides its Answer to

Plaintiff's Complaint

1. Defendant is without sufficient knowledge to admit or deny this request.

2. Admitted

3. This allegation is a statement of law to which no response is required. To the extent a

   response is required, Defendant states that it is an incomplete statement of the law and

   therefore denies same.

4. Admitted

5. Admitted

6. Admitted that venue is proper. All other allegations denied.

7. Denied that photograph is properly copyrighted. Defendant is without sufficient

   knowledge to admit or deny this request and therefore denies same.

8. Denied that photograph is properly copyrighted. Defendant is without sufficient

   knowledge to admit or deny the remainder of this request and therefore denies same.

9. Denied

10. Defendant admits that it made fair use of publicly available, media on its website that

1

was not federally copyrighted. To the extent Plaintiff's allegation differs from the above, it is denied.

11. Defendant admits that it made fair use of publicly available, media on its website that was not federally copyrighted. To the extent Plaintiff's allegation differs from the above, it is denied.

12. Defendant is without sufficient knowledge to admit or deny this request.

13. Defendant incorporates its responses above to this allegation.

14. Denied

15. This allegation is a statement of law to which no response is required. To the extent a response is required, Defendant denies that it is a full, complete or accurate statement and therefore denies same.

16. Denied

17. Denied

18. Denied

19. Denied

20. Denied

21. Defendant denies that Plaintiff has been damaged in any way. Defendant denies that Plaintiff is entitled to any equitable relief.

**AFFIRMATIVE DEFENSES**

22.  To the extent  Plaintiff had any claim to the subject work, Defendant made fair use of the work.

23. Plaintiff's claims are subject to arbitration and Plaintiff has not submitted his claims to arbitration as required. The Flickr Website and User Guidelines require parties to submit

2

claims such as Plaintiffs to Flickr for resolution. Plaintiff agreed to the Flickr User
Guidelines but he failed to submit his claim to arbitration as required.

24. Plaintiff engaged in fraud by deceptively posting his work on a publicly available photo-
sharing website. He did not mark or properly mark his work. He used computer search
technology to identify when an unsuspecting party had posted the work  and then
engaged a lawyer to threaten and attempt to intimidate defendant into extracting an
exorbitant settlement with the threat of excessive litigation expenses.

25. Plaintiff is estopped from pursuing his claim for legal and equitable relief by deceptively
posting his work on a publicly available photo-sharing website. He did not mark or
properly mark his work. He used computer search technology to identify when an
unsuspecting party had posted the work  and then engaged a lawyer to threaten and
attempt to intimidate defendant into extracting an exorbitant settlement with the threat of
excessive litigation expenses.

26. Plaintiff assumed the risk of fair use by deceptively posting his work on a publicly
available photo-sharing website. He did not mark or properly mark his work. He used
computer search technology to identify when an unsuspecting party had posted the work
and then engaged a lawyer to threaten and attempt to intimidate defendant into extracting
an exorbitant settlement with the threat of excessive litigation expenses.

27. Plaintiff's posting of his work on a publicly available photo-sharing website and failing
to properly mark his work operated as a release to Defendant.

28. Plaintiff's claims are barred by the statute of limitations

29. Plaintiff waived any claims he might have by posting of his work on a publicly available
photo-sharing website and failing to properly mark his work.

3

30. Defendant reserves the right to assert additional affirmative defenses.

DATED:   December 21, 2017

Respectfully submitted,

VIOLENT HUES PRODUCTIONS, LLC

Pro Se

Fernando Mico
Owner, Violent Hues Productions, LLC
5810 Kingstowne Center Drive, Suite 120
Alexandria, Virginia 22315
(703) 623-6065

4

FILED

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2017 OCT 24 P 2: 06

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

RUSSELL BRAMMER )
)
V. )          Civil Action No. 1:17-cv-1009
)
Violent Hues Productions, LLC )

DEFENDANT VIOLENT HUES PRODUCTIONS LLC'S,
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

1

Defendant Violent Hues Productions, LLC ("Defendant"), *pro se,* moves, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7, for the dismissal of the Complaint for failure to state a claim upon which relief may be granted.   Plaintiff's claims for copyright infringement of the unregistered work do not state a plausible claim for copyright infringement because Plaintiff has omitted allegations about fair use – an essential element of copyright. Further, Plaintiff's does not allege statutorily compliant copyright notice. The form of notice he alleges is facially invalid. Finally, Plaintiff's removal and alteration claims are supported by no facts and fail to allege a plausible claim of removal/ alteration under the cited statutory section. For these  reasons, further explained below, Defendant respectfully requests that the Court dismiss Plaintiff's claims.

### Introduction

Defendant is a sole owner LLC seeking to expand the film arts in Northern Virginia. Defendant founded and has nurtured The NOVA Fest; an international film and music festival in Fairfax. Virginia. http://www.novafilmfest.com/.  Since its inception in 2014, NOVA Fest has been named one of the "20 Best Under-the-Radar Film Festivals" by Dream Vacation Magazine and had been listed as one of the "Top 100 Best Reviewed Festivals" by the website, Film Freeway.

On the welcome page, one of six tabs on the Home page links to Nova Fest. Id.  That tab leads to one of seven tabs, including: "Awards Ceremony"; "Categories & Awards"; "Plan your visit"; "Testimonials"; "Merchandise"; "News" and "Archives".  The "Plan your visit" tab identified cultural points of interest and history in the Washington D.C. area. Plaintiff claims depend solely on a single photograph that was briefly posted on the "Plan your visit" page.  That page also had photographs of Arlington National Cemetery and National Harbor.

2

When I downloaded the photograph, it was found on a public photo sharing website, Flickr, and did not have any evidence copyright –either using the © symbol or the phrase "All rights reserved". The photograph had no markings of ownership or anything else to advise that it was copyrighted. When Plaintiff's counsel sent me a threatening letter[1], (attached as Exhibit 1) **I immediately removed the photograph.** Plaintiff's counsel demanded $ 4,500 for this single photograph that was 1) unregistered when I posted it; 2) had no copyright markings on it when I posted it and 3) I immediately removed as soon as Plaintiff's counsel sent his threatening letter.

Plaintiff's Complaint fails to allege that my use was not fair use. Fair use is part of copyright law. It is not merely an affirmative defense; it is an integral part of Plaintiff's claim. Plaintiff's failure to address, or even mention, fair use means that he has not stated a plausible claim for copyright infringement. Indeed, under the facts of this case, it is clear that my use of this photograph – on the "Plan your visit" sub tab of the NOVA Fest tab – is clearly fair use. Furthermore, the fact that I immediately removed the photograph when I received his lawyer's threatening letter, is further evidence of fair use.

Plaintiff has also failed to allege statutorily compliant notice. What he alleges – in ¶ 9 and in Exhibit 2 – is facially invalid as notice because it lacks two of the three requisite elements of notice. Furthermore, Plaintiff does not allege that his non-compliant "notice" was reasonably noticeable as required by law. I certainly did not see it if it was there.

With respect to Plaintiff's second claim, --Removal and Alteration – Plaintiff fails to allege that he included the copyright notice at the time he posted the unregistered work to the public photo sharing website, Flickr. As noted above the "notice" Plaintiff alleges did not comply with the Copyright code. Additionally, Plaintiff's allegations in Paragraphs 8 and 9

---

[1] I would note that, in his threatening letter, Plaintiff's counsel attached the code section for statutory damages even though Plaintiff's photograph was unregistered at the time. I do not believe Plaintiff is even seeking statutory damages because he cannot; yet his lawyer threatened statutory damages.

carefully skirt the timing of his copyright "notice".

Further, the fact that Plaintiff did not register his photograph for almost five years after he took the photograph and four years after he posted it suggests that he was not diligent in notifying the public about his copyright claims.[2] Therefore, it is entirely plausible that Plaintiff did not include a copyright "notice" at the time he initially posted his photograph and only did so later, after he learned ( probably through algorithmic searches) that NOVA Fest had posted his photograph. In any event, Plaintiff does not allege that his notice was affixed to provide reasonable notice and that it was affixed as soon as it was posted on the public photo sharing website, Flickr.

Finally, I would note that there are several troubling internal inconsistencies in Plaintiff's Complaint. First, he alleges that he took the single photograph at issue in 2011. Complaint ¶ 7. He alleges that he published it to a public photo sharing website in 2012. Id. at ¶ 8. But his Copyright Registration form (Exhibit 4) states that he first published the photograph on March 27, 2013. See Exhibit 4. Plaintiff claims that I posted the unregistered work on September 1, 2016. Only then, after having the photograph sit on a public website for 3 or 4 years did he register his work. Finally, I would not that Plaintiff alleges that he lives in Corvallis, Washington. Complaint at ¶ 1. But his copyright registration – barely a year old – shows him living in Columbia, Maryland.

Plaintiff has not allege a plausible claim for either copyright infringement or for alteration and removal. Based on this,(further explained below) Defendant respectfully requests that the Court dismiss Plaintiff's Complaint.

---

[2] Another explanation for Plaintiff's delay in registering his photograph is that he intentionally placed his photograph on the public photo sharing website with the hope of snaring an unsuspecting user. This practice of "seeding" public websites with photographs in hope of snaring potential defendants is a recognized practice. See e.g."Copyright Trolling, An Empirical Study" 100 Iowa L. Rev. 1105. (March 2015)

## ARGUMENT

### Legal Standard

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

1. **Plaintiff Has Not Alleged Or Even Addressed Fair Use**

The United States Court of Appeals for the Ninth Circuit has held that "Fair use is not just excused by the law, it is wholly authorized by the law" Lenz v. Universal Music Corp., 801 F.3d 1126, 1132, (9th Cir. 2015) "Fair Use" is explicitly recognized by statute. 17 U.S.C. § 107. "Fair Use" is not an affirmative defense, it is an integral part of copyright law and Plaintiff must plead that an allegedly infringing use **is not** fair use. See *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1542 n.22 (11th Cir. 1996) ("fair use it not a defense, it is better viewed as a right"); see also Lenz 801 F. 3d at 1133.

Here, Plaintiff does not even address fair use. The words do not even appear in his Complaint. Plaintiff, of course, knows that this case is a classic example of fair use. Assuming ( for purposes of this section) that Plaintiff actually placed a noticeable copyright notification on his photo before uploading it to a public photo sharing website, it is clear that my use of this photo – as one of three photos on a "Plan Your Visit" subtab of the "The NOVA Fest" tab ( one of six on the home page) is fair use. My use was not for a commercial purpose – I did not sell "Adams Morgan at Night" photographs to anyone and plaintiff does not so allege. If anything, my use of the photograph likely improved Plaintiff's market. The photograph was a minor part of a minor page. It was never prominently featured on the website.

Furthermore, I removed the photograph from the website as soon as I received the threatening letter from his lawyer. See Exhibit 1. This fact is evidence of both a) my good faith and b) the limited (if not imperceptible) effect of my use on the market for Plaintiff's photograph.

Plaintiff has an obligation to give due consideration to fair use before filing an infringement action. See e.g. Lenz 801 F. 3d at 1133 ("We conclude that because 17 U.S.C. § 107 created a type of non-infringing use, fair use is "authorized by the law" and a copyright

holder must consider the existence of fair use before [bringing legal action]")

Because Plaintiff did not address fair use in his Complaint, he has failed to allege a

plausible claim of copyright infringement under 17 U.S.C. § 504(b)

### 2. **Plaintiff Has Failed to Allege Notice under 17 U.S.C. § 401.**

Plaintiff's claims are contingent on notice. Plaintiff must allege that he provided notice

"in such manner and location as to give reasonable notice of the claim of copyright" 17

U.S.C. § 401(c). Plaintiff never alleges that he provided **reasonable** notice. Indeed, the

allegations related to notice incorporate, by reference, Plaintiff's Exhibit 2 which is facially

invalid as a form of notice.   17 U.S.C. § 401(b) describes the mandatory form of notice:

> **Form of Notice.**—If a notice appears on the copies, it shall consist of the
> following three elements:
> **(1)** the symbol © (the letter C in a circle), or the word "Copyright", or the
> abbreviation "Copr."; **and**
> **(2)** the year of first publication of the work; in the case of compilations, or
> derivative works incorporating previously published material, the year date of
> first publication of the compilation or derivative work is sufficient. The year date
> may be omitted where a pictorial, graphic, or sculptural work, with accompanying
> text matter, if any, is reproduced in or on greeting cards, postcards, stationery,
> jewelry, dolls, toys, or any useful articles; **and**
> **(3)** the name of the owner of copyright in the work, or an abbreviation by which
> the name can be recognized, or a generally known alternative designation of the
> owner.

Id. (emphasis added)

By his own admission, Plaintiff's alleged notice lacks elements (2) and (3). See

Complaint ¶ 9; Exhibit 2. Further Plaintiff never alleges that the sole compliant element on his

notice – the © symbol – was "affixed to the copies in such a manner and location as to give

reasonable notice of the claim of copyright". 17 U.S.C. § 401(c). As noted above, I did not see

any such notice when I found the unregistered work on the public photo sharing website.

Further, Plaintiff's Exhibit 2 shows a hidden © and none of the other elements of copyright

7

notice. The phrase "all rights reserved" is ambiguous and does not comply with 17 U.S.C §
401(b).

In short, Plaintiff has not alleged that he provide compliant copyright notice. Plaintiff's
claims based on his unregistered work depend on statutorily compliant notice. Defendant
respectfully requests that this Court dismiss Plaintiff's claims because he did not provide
statutorily compliant notice.

### 3. Plaintiff Has Not Alleged the Key Facts Supporting His "Alteration and Removal" Claim

As noted above, Plaintiff has not alleged that he provided statutorily compliant notice of
copyright. The "notice" he attached to the Complaint as Exhibit 2 is not compliant with 17
U.S.C. § 401 because it lacks two of the three mandatory elements of notice. See 17 U.S.C. §
401(b)(2, 3) . Further, Plaintiff never alleges that the "notice" he claims to have provided gave
"reasonable notice" of the claim of copyright. 17 U.S.C. S 401(c).

Having failed to allege "notice" Plaintiff makes no factual allegation, whatsoever, that
Defendant intentionally removed or altered the "notice". In fact, Plaintiff's factual allegations (
¶¶ 7 – 12) make no reference, whatsoever, to alteration or removal.

Finally, as noted above, I never saw any notice. When I received the threatening letter
from Plaintiff's lawyer ( Exhibit 2) I immediately took down the photograph. I followed through
because that was the first time I learned that the unregistered photo was claimed to be
copyrighted.

Because Plaintiff has not alleged any facts supporting his "alteration/ removal" claim,
Defendant respectfully requests that the Court dismiss it.

8

**Conclusion**

Plaintiff posted his unregistered photograph on a public, photo sharing website for four years and waited for someone to use it. Plaintiff alleges that I used this photo on a sub tab of a sub tab of the NOVA Fest website. Plaintiff makes no allegations concerning fair use. Plaintiff fails to allege proper copyright notice Plaintiff claims "alteration and removal" without a single supporting fact. Because Plaintiff has failed to allege the key elements of his two claims, I would ask that you dismiss his Complaint. If the Court allows him to amend his Complaint, I would ask the Court to require that the Amended Complaint be verified under oath.

DATED: October 24, 2017                    Respectfully submitted,

                                           VIOLENT HUES PRODUCTIONS, LLC

                                           Pro Se

                                           Fernando Mico
                                           Owner, Violent Hues Productions, LLC
                                           5810 Kingdowne Center Drive, Suite 12 o
                                           Alexandria, Virginia 22310
                                           (703) 623-6065

9