# EXHIBIT 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RUSSELL BRAMMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VIOLENT HUES PRODUCTIONS, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No.: 1:17-cv-01009-CMH-IDD |

**VIOLENT HUES PRODUCTIONS, LLC'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26(c), Defendant Violent Hues Productions, LLC ("Violent Hues") presents the following responses and objections to Plaintiff Russell Brammer's First Set of Interrogatories (the "Interrogatories") served on February 28, 2018.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

1. Violent Hues makes the responses below (collectively, the "Responses") based on its interpretation and understanding of the Interrogatories and based on its current knowledge, understanding, and belief as to the facts and information available to it as of the date of these Responses. The Responses shall not constitute an admission by Violent Hues that any of the Interrogatories or Responses are relevant and/or admissible as evidence in any trial or other proceeding. Violent Hues reserves the right to object on any grounds, at any time, to the admission into evidence of any Interrogatory or Response, or any document or thing produced in connection therewith, in any such trial or other proceeding. Additional discovery and investigation may lead to additions to, changes in, or modifications of these Responses. Violent Hues reserves the right to object on any ground at any time to a demand for further responses or other discovery involving

or relating to the subject matter of these Interrogatories and Responses. These Responses are provided without prejudice to Violent Hues' right to revise, amend, correct, supplement, modify, or clarify its discovery objections and/or responses to the extent required or permitted by Federal Rule of Civil Procedure 26.

2. Violent Hues does not waive any objection, nor any claim of privilege or immunity, whether expressly asserted or not, by providing any information or identifying any document or thing in response to any Interrogatory. The inadvertent disclosure of such information shall not constitute a waiver of any applicable privilege or immunity as to that information. All objections as to privilege, competency, immunity, relevance, materiality, authenticity, or admissibility of any information or documents referred to herein are expressly reserved.

3. Violent Hues reserves the right at any time to revise, correct, supplement, clarify, or amend the objections or responses to the Interrogatories, if further factual developments or analysis warrant a modification or if additional information is obtained that are properly called for by these Interrogatories.

## GENERAL OBJECTIONS

1. Violent Hues incorporates by reference the Reservation of Rights and General Objections into each specific response set forth below.

2. Violent Hues objects that Plaintiff's definitions and instructions seek information not in the possession, custody, or control of Violent Hues. Violent Hues will only respond based upon information that is within its possession, custody, or control.

3. Violent Hues objects that the Interrogatories call for information that is already known to Plaintiff or equally available to Plaintiff. To the extent such information is called for, Violent Hues is not obligated to provide it under the Federal Rules.

4. Violent Hues objects that the Interrogatories call for information protected by the

Attorney-Client Privilege, Attorney Work Product Doctrine, and/or any other privilege or doctrine that protects from disclosure in discovery. To the extent an interrogatory calls for such information, Violent Hues will provide only that information that is not protected from disclosure by such privileges and doctrines.

### RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1: Identify each person supplying information used to prepare the answers to these interrogatories, and as to each such person identified, indicate the number of the interrogatory, or part thereof, as to which the person supplied information.**

**ANSWER:** Subject to and without waiver of the foregoing objections, Fernando A. Mico.

**INTERROGATORY NO. 2: Identify all persons with knowledge of any facts relevant to this lawsuit. Briefly state the substance of each person's knowledge.**

**OBJECTIONS:** In addition to the General Objections set forth above, Violent Hues objects to this Interrogatory as overbroad and unduly burdensome in that it seeks the identification of "all persons with knowledge of any facts relevant to this lawsuit" which may include persons unknown to Violent Hues. Violent Hues will answer this Interrogatory based on its own knowledge and awareness. Violent Hues also objects to this Interrogatory as seeking information that is duplicative of the information Violent Hues has already provided to Plaintiff in its Initial Disclosures, wherein it provided a list of individuals who Violent Hues reasonably believes may have discoverable information that Violent Hues may use in its defense. Violent Hues also objects to this Interrogatory as seeking information that is already known to the Plaintiff, such as persons identified in Plaintiff's Interrogatory responses and persons with whom Plaintiff communicated regarding the copyright infringement alleged in Plaintiff's Complaint. Violent Hues is under no obligation to supply Plaintiff with information that he is already aware of or information that is equally accessible to Plaintiff.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states

that in addition to the persons listed in its Rule 26(a)(1)(A)(i) disclosures and the persons identified in Plaintiff's discovery responses and document production, it is aware of no additional persons responsive to this Interrogatory.

**INTERROGATORY NO. 3: Identify all persons, including employees, assistants, interns, or other persons, that have performed work or tasks during the past three years for or under the direction of Defendant.**

**OBJECTIONS:** Violent Hues objects to this Interrogatory as overbroad and unduly burdensome in that it requests the identification of "all persons … that have performed work or tasks during the past three years for or under the direction of Defendant," which could be read to include persons who have done work for or on behalf of Violent Hues that is entirely irrelevant to this suit. Violent Hues will provide the identifying information for any persons who have done work for or on behalf of Violent Hues relating to the website at issue in this case.

**ANSWER:** Subject to and without waiver of the foregoing objections, Fernando A. Mico.

**INTERROGATORY NO. 4: Identify all persons, including employees, assistants, interns, or other persons, who assisted Defendant during the past three years in selecting visual content for the website, www.novafilmfest.com, and as to each such person identified, indicate the specific role or job performed.**

**OBJECTIONS:** Violent Hues objects to this interrogatory as duplicative in whole or in part of Interrogatory No. 3, above, and incorporates the objections and Response to that interrogatory as if fully restated herein.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states that Fernando A. Mico was responsible for selecting the pictures used on www.novafilmfest.com.

**INTERROGATORY NO. 5: Identify any policy, process, or procedure, if any, that Defendant employs to identify or manage materials to assure compliance with applicable copyright statutes, regulations, and guidance.**

**OBJECTIONS:** Violent Hues objects to this Interrogatory as vague and ambiguous in that the terms "policy," "process," and "procedure" are not clear on their face and are not defined in

Plaintiff's Interrogatories.  Violent Hues will interpret the request as asking for the identification of any written policies or procedures of Violent Hues related to compliance with copyright statutes, regulations or official published guidance.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states that no such written policy or procedure exists.

**INTERROGATORY NO. 6: Identify any employees, assistants, or interns of Defendant or other persons charged with implementation of copyright compliance policy, process, or procedures.**

**OBJECTIONS:** Violent Hues objects to this Interrogatory as vague and ambiguous in that the terms "policy," "process," and "procedure" are not clear on their face and are not defined in Plaintiff's Interrogatories.  Violent Hues will interpret this Interrogatory consistent with its understanding of those terms as provided in Violent Hues' Objections to Interrogatory No. 5.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states that no such written policy or procedure exists.

**INTERROGATORY NO. 7: Identify how the policy, process, or procedure mentioned in Interrogatory #6 was implemented concerning Defendant's use of the Copyrighted Photograph.**

**OBJECTIONS:** Violent Hues objects to this Interrogatory as vague and ambiguous in that the terms "policy," "process," and "procedure" are not clear on their face and are not defined in Plaintiff's Interrogatories.  Violent Hues will interpret this Interrogatory consistent with its understanding of those terms as provided in Violent Hues' Objections to Interrogatory No. 5.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states that no such written policy or procedure exists.

**INTERROGATORY NO. 8: Describe the work schedule associated with creating the webpage, www.novafilmfest.com/plan-your-visit, including the selection of the Copyrighted Photograph, ("Plan Your Visit Webpage"), including the circumstances under which the idea for the February 15 Post was conceived, the date the work began, the date the work was completed, the place where the work was done, the number of working hours spent, all**

**persons who contributed in any way to the work, and the method for recording the number of working hours.**

**OBJECTIONS:** Violent Hues Objects to this Interrogatory as vague and ambiguous in that the phrase "work schedule" is not clear on its face and is not defined in Plaintiff's Interrogatories. Given this, Violent Hues will interpret this phrase to include only those specified items that follow, and will not speculate on what additional aspects of a "work schedule" Plaintiff may be referring to. Violent Hues also objects to this interrogatory as vague and ambiguous in that the term "February 15 Post" is not defined or otherwise explained. Violent Hues will respond to this Interrogatory on the assumption that the reference to the "February 15 Post" is a reference to the www.novafilmfest.com/plan-your-visit website, but neither agrees nor admits that the website was created on or about February 15.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states that:

1. To the best of its recollection, Violent Hues believes that the photograph at issue in this suit was found through a Google Image search, which led to the photo-sharing website Flickr. Violent Hues believes that it found the photograph at some point in 2016.
2. Violent Hues intended the www.novafilmfest.com/plan-your-visit website to be a reference guide for filmmakers or other artists whose work was accepted to the Northern Virginia Film Festival to use during their time in the Northern Virginia/Washington, D.C. region. Violent Hues did not intend to generate any revenue from the www.novafilmfest.com/plan-your-visit website, and never generated any revenue from the site.
3. To the best of its recollection, Violent Hues believes that the www.novafilmfest.com/plan-your-visit website went up in 2014, and was updated at times after its initial posting.
4. Given that the www.novafilmfest.com/plan-your-visit website was updated at times after its

  initial posting, it was never "completed."

5. The work on the www.novafilmfest.com/plan-your-visit website was conducted primarily from the office of Fernando A. Mico in Alexandria, Virginia.

6. Violent Hues did not record the amount of time spent creating the specific www.novafilmfest.com/plan-your-visit website, but estimates that the development of the www.novafilmfest.com website took approximately 50-100 hours. Violent Hues estimates that it spent approximately 8 hours per week maintaining or updating the www.novafilmfest.com website following its initial posting.

7. Fernando A. Mico performed all graphic and other design activities associated with the www.novafilmfest.com/plan-your-visit website.

8. As noted in the response above, Violent Hues did not record the amount of time spent creating the www.novafilmfest.com/plan-your-visit website.

  **INTERROGATORY NO. 9:** Identify all facts, documents, law, or other information that Defendant relies on to support the contention that the Plan Your Visit Webpage does not constitute an infringement of Plaintiff's copyright.

  **OBJECTIONS:** Violent Hues objects to this Interrogatory as an overboard and unduly burdensome contention Interrogatory in that it effectively asks Violent Hues to explain and disclose its entire theory of defense in this case and disclose any and all information that Violent Hues may rely on in support of its defense, all before discovery has even been completed. The Federal Rules of Civil Procedure do not require such an overbroad and premature disclosure, and Violent Hues will not undertake it. However, Violent Hues will disclose potential theories upon which it believes that its use of the photo may not constitute copyright infringement, and will cite to supporting documents or information where available. Violent Hues will not provide citations to law as such a request is not only unduly burdensome, but also calls for the production of information protected by the Attorney Work Product Doctrine. Violent Hues provides this

response without prejudice to its ability to supplement or revise this response as discovery continues, or based on facts learned after the close of discovery. Violent Hues also provides this response without prejudice to its ability to use any and all properly supported facts and legal arguments in motion practice or at trial in this matter.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states that its use of the photograph may not constitute copyright infringement because:

- Plaintiff may have placed the photograph in the public domain and lost copyright protection by so doing;

- Plaintiff may have failed to provide any notice of his alleged copyright over the photograph in question;

- Violent Hues' use of the photograph was *de minimis*; and

- Violent Hues' use of the photograph was fair use under the Copyright Act, as described below.

**INTERROGATORY NO. 10: Identify the source from which the Defendant first acquired a copy of the Copyrighted Photograph.**

**OBJECTIONS:** Violent Hues objects to this Interrogatory as duplicative of Interrogatory No. 8 above, and directs Plaintiff to Violent Hues' objections and response thereto.

**INTERROGATORY NO. 11: Identify all facts, documents, law, or other information that Defendant relies on to support the contention, as asserted in Defendant's Answer, that the conduct Plaintiff alleges to be in violation of the Copyright Act was fair use.**

**OBJECTIONS:** Violent Hues objects to this Interrogatory as an improper contention Interrogatory similar to Interrogatory No. 9 above, and incorporates the objections to that Interrogatory herein where applicable. Notwithstanding these objections, Violent Hues will respond to this Interrogatory by providing its general understanding of why its use was "fair use" under the Copyright Act. Violent Hues provides this response without prejudice to its ability to supplement or revise this response as discovery continues, or based on facts learned after the close

of discovery. Violent Hues also provides this response without prejudice to its ability to use any and all properly supported facts and legal arguments in motions practice or at trial in this matter.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states that its use of the photograph is fair use under the Copyright Act because:

- Violent Hues' use was not for profit, as the www.novafilmfest.com/plan-your-visit website was not intended to generate revenue for Violent Hues and in fact did not generate revenue for Violent Hues. Violent Hues likewise never made any money from its use of photographs on the www.novafilmfest.com/plan-your-visit website. As described above, the intent of the website was to be a reference guide for filmmakers or other artists whose work was accepted to the Northern Virginia Film Festival to use during their time in the Northern Virginia/Washington, D.C. region.

- Violent Hues' use of the photograph was transformative. Violent Hues understands that Plaintiff's intended use of the photograph was as a promotional tool for his abilities as a professional photographer. As noted above, Violent Hues' use of the photograph was to provide information to visitors to the Northern Virginia/Washington, D.C. region.

- Plaintiff had published the photograph in question in several places on the internet and elsewhere prior to Violent Hues' use. This prior publication weighs in favor of a finding of fair use.

- Violent Hues used only a portion of the photograph, weighing in favor of a finding of fair use.

- Upon information and belief, Violent Hues' alleged infringement had no effect on any alleged market for the photograph.

**INTERROGATORY NO. 12:** Identify all facts, documents, law, or other information that Defendant relies on to support the contention, as asserted in Defendant's Answer, that Plaintiff "engaged in fraud."

**OBJECTIONS:** Violent Hues objects to this Interrogatory as an improper contention Interrogatory similar to Interrogatory No. 9 above, and incorporates the objections to that Interrogatory herein where applicable. In addition, based on the information available to it at present, Violent Hues does not intend to argue in motions or at trial that Plaintiff engaged in fraud, and therefore a response to this Interrogatory is unnecessary and unduly burdensome. Violent Hues reserves the right to provide a response at a later time if information become available to it that it believes would support such an argument.

**INTERROGATORY NO. 13:** Identify all facts, documents, law, or other information that Defendant relies on to support the contention, as asserted in Defendant's Answer, that Plaintiff "assumed the risk of fair use by deceptively posting his work on a publicly available phot-sharing (sic) website."

**OBJECTIONS:** Violent Hues objects to this Interrogatory as an improper contention Interrogatory similar to Interrogatory No. 9 above, and incorporates the objections to that Interrogatory herein where applicable. Violent Hues also objects to this Interrogatory as duplicative in part of Interrogatory No. 11 above, and incorporates its objections and response to that Interrogatory herein. Violent Hues provides this response without prejudice to its ability to supplement or revise this response as discovery continues, or based on facts learned after the close of discovery. Violent Hues also provides this response without prejudice to its ability to use any and all properly supported facts and legal arguments in pretrial motions or at trial in this matter.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states that Plaintiff's publication of the photograph in question on several internet websites weighs in favor of a fair use finding.

**INTERROGATORY NO. 14:** Identify all facts, documents, law, or other information that Defendant relies on to support the contention, as asserted in Defendant's Answer, that Plaintiff's claims are barred by the statute of limitations.

**OBJECTIONS:** Violent Hues objects to this Interrogatory as an improper contention Interrogatory similar to Interrogatory No. 9 above, and incorporates the objections to that Interrogatory herein where applicable. In addition, based on the information available to it at present, Violent Hues does not intend to argue in motions or at trial that Plaintiff's claims are barred by the Statute of Limitations, and therefore a response to this Interrogatory is unnecessary and unduly burdensome. Violent Hues reserves the right to provide a response at a later time if information become available to it that it believes would support such an argument.

**INTERROGATORY NO. 15:** Identify all facts, documents, law, or other information that Defendant relies on to support the contention, as asserted in Defendant's Answer, that Plaintiff "waived any claims he might have by posting of (sic) his work on a publicly available photo-sharing (sic) website and failing to properly mark his work."

**OBJECTIONS:** Violent Hues objects to this Interrogatory as an improper contention Interrogatory similar to Interrogatory No. 9 above, and incorporates the objections to that Interrogatory herein where applicable. Violent Hues also objects to this Interrogatory as duplicative in part of Interrogatory No. 9 above. Violent Hues provides this response without prejudice to its ability to supplement or revise this response as discovery continues, or based on facts learned after the close of discovery. Violent Hues also provides this response without prejudice to its ability to use any and all properly supported facts and legal arguments in pretrial motions or at trial in this matter.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states that it believes discovery may reveal that Plaintiff placed the photograph in the public domain, and lost copyright protection by so doing. As discovery is ongoing, Violent Hues is unsure of whether facts exist to support this argument at this time. In addition, as noted above, Violent Hues believes

that Plaintiff failed to provide any notice of his alleged copyright over the photograph in question, and that at the time it used the photograph, Violent Hues believed that the photograph was not copyrighted, and had no notice that the photograph was copyrighted.

**INTERROGATORY NO. 16: Identify all facts, documents, law, or other information that Defendant relies on to support the contention, as asserted in Defendant's Answer, that Plaintiff's "claims are subject to arbitration."**

**OBJECTIONS:** Violent Hues objects to this Interrogatory as an improper contention Interrogatory similar to Interrogatory No. 9 above, and incorporates the objections to that Interrogatory herein where applicable. In addition, based on the information available to it at present, Violent Hues does not intend to argue in motions or at trial that Plaintiff's claims are subject to arbitration, and therefore a response to this Interrogatory is unnecessary and unduly burdensome. Violent Hues reserves the right to provide a response at a later time if information become available to it that it believes would support such an argument.

**INTERROGATORY NO. 17: Identify all facts, documents, law, or other information that Defendant relies on to support the contention, as asserted in Defendant's Answer, that Plaintiff "is estopped from pursuing his claim for legal and equitable relief."**

**OBJECTIONS:** Violent Hues objects to this Interrogatory as an improper contention Interrogatory similar to Interrogatory No. 9 above, and incorporates the objections to that Interrogatory herein where applicable. In addition, based on the information available to it at present, Violent Hues does not intend to argue in motions or at trial that Plaintiff's claims are barred by estoppel, and therefore a response to this Interrogatory is unnecessary and unduly burdensome. Violent Hues reserves the right to provide a response at a later time if information become available to it that it believes would support such an argument.

**INTERROGATORY NO. 17: Identify all visual material licensed by Defendant for use on the website, www.novafilmfest.com, including the party from which the visual material was licensed, a brief description of the licensed material, and the license terms.**

**OBJECTIONS:** Violent Hues objects to this interrogatory as seeking information that is

irrelevant to the claims at issue in this case, as Violent Hues' potential licensing agreements for any visual material apart from the photograph at issue in this case have no bearing on whether Violent Hues infringed on Plaintiff's alleged copyright for that photograph, and have no bearing on any of Violent Hues' defenses. As such, Violent Hues will answer this question only with respect to the photograph at issue in this case.

**ANSWER:** Subject to and without waiver of the foregoing objections, Violent Hues states that it has no licensing agreement for the photograph at issue in this case.

Dated: March 30, 2018                                  Respectfully submitted,

/s/ Paul J. Weeks
Judson D. Brown (admitted *pro hac vice*)
Thomas P. Weir (admitted *pro hac vice*)
Paul J. Weeks (VA Bar No.: 89656)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone: (202) 879-5000

*Counsel for Defendant Violent Hues Productions, LLC*

## VERIFICATION

I, Fernando A. Mico, verify that I am the owner of Violent Hues Productions, LLC and am authorized to make this Verification on its behalf. I further verify that the foregoing answers of Violent Hues to Plaintiff's First Set of Interrogatories are based upon facts of which I have personal knowledge; that the language of the document is that of counsel and not my own; and that the facts set forth in the foregoing document are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties relating to unsworn falsification to authorities.

Dated: March 30, 2018

_____
Fernando Mico

## CERTIFICATE OF SERVICE

      I hereby certify that on March 30, 2018, I electronically served the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories on all counsel of record.

/s/ Paul J. Weeks
Paul J. Weeks (VA Bar No.: 89656)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone: (202) 879-5000