UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RUSSELL BRAMMER,<br><br>            Plaintiff,<br>v.<br><br>VIOLENT HUES PRODUCTIONS, LLC,<br><br>            Defendant. | Civil Action No.: 1:17-cv-01009-CMH-IDD |

**MEMORANDUM IN SUPPORT OF VIOLENT HUES PRODUCTIONS, LLC'S MOTION *IN LIMINE* TO EXCLUDE SETTLEMENT EVIDENCE**

Dated: May 18, 2018

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 3

CONCLUSION ...................................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bilenky v. Ryobi Ltd.*,
 2014 WL 12591940 (E.D. Va. Oct. 22, 2014) ................................................................4

*Coulibaly v. J.P. Morgan Chase Bank, N.A.*,
 2011 WL 3476994 (D. Md. Aug. 8, 2011),
 *aff'd*, 526 F. App'x 255 (4th Cir. 2013) .........................................................................4

*Coutard v. Mun. Credit Union*,
 848 F.3d 102 (2d Cir. 2017) ...........................................................................................4

*In re MSTG, Inc.*,
 675 F.3d 1337 (Fed. Cir. 2012) ......................................................................................5

*In re Outsidewall Tire Litig.*,
 748 F. Supp. 2d 543 (E.D. Va. 2010),
 *aff'd*, 682 F.3d 292 (4th Cir. 2012) ................................................................................4

*McInnis v. A.M.F., Inc.*,
 765 F.2d 240 (1st Cir. 1985) ......................................................................................4, 5

*MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*,
 232 F. Supp. 3d 558 (S.D.N.Y. 2017) ............................................................................4

*Middle E. Broad. Networks, Inc. v. MBI Glob., LLC*,
 689 F. App'x 155 (4th Cir. 2017) ...................................................................................3

*Portugues-Santana v. Rekomdiv Int'l*,
 657 F.3d 56 (1st Cir. 2011) ............................................................................................5

*United States v. Quality Built Constr.*,
 358 F. Supp. 2d 487 (E.D.N.C. 2005) ........................................................................4, 5

*Waytec Elecs. Corp. v. Rohm & Haas Elec. Materials, LLC*,
 255 F. App'x 754 (4th Cir. 2007) ...................................................................................4

**Rules**

Fed. R. Evid. 401 ..................................................................................................................4

Fed. R. Evid. 402 ..................................................................................................................4

Fed. R. Evid. 403 ..................................................................................................................4

Fed. R. Evid. 408 .................................................................................................1, 3, 4, 5

## INTRODUCTION

The Federal Rules of Evidence preclude a party from introducing evidence of settlement agreements in order to "prove or disprove the validity or amount of a disputed claim." *See* Fed. R. Evid. 408(a). Undeterred by this clear point of law, Plaintiff has consistently valued his actual damages in this litigation based on a single licensing agreement—an agreement that was the result of settlement negotiations with a non-party. He apparently plans to do this at trial as well, as this particular license is the only damages-related document on his exhibit list. Plaintiff has yet to articulate a permissible purpose for admitting this document. That is because he has none; the sole purpose is for proving the amount of his claim against Violent Hues. Such a use is plainly precluded by Rule 408, and thus this particular licensing agreement should be excluded.

## BACKGROUND

Plaintiff has been compensated for the photograph at issue in this litigation (entitled "Adams Morgan at Night," hereinafter the "Photo") six times—three times for physical prints, and three times for licenses to third parties. *See* DX-6 (Ex. 1) at Interrog. Resp. 8. The three licenses were:

- A license to Izumi Studio to use the Photo in one real estate brochure, which Plaintiff granted for $75;

- A license to Bernstein Property Management ("Bernstein") for perpetual use of the Photo on at least six websites and the right to display one physical print, which Plaintiff granted for $1,250 (hereinafter, the "Bernstein Invoice"); and

- A license to Spothype LLC, for which Plaintiff received $375.[1]

*See id.*; DX-9 (Ex. 2); DX-10 (Ex. 3); PX-3 (Ex. 4); Apr. 4, 2018 Brammer Dep. (Ex. 5) at 120:7-121:8.

---

[1] Though not included in his trial exhibits, Plaintiff's license to Spothype LLC was also a settlement, and therefore the logic of this motion applies equally to that license if Plaintiff attempts to add it to his exhibit list at a later date. *See* Brammer Dep. at 118:21-119:2.

1

Plaintiff has consistently pointed to the $1,250 Bernstein Invoice as the proper measure for valuing his damages in this matter.[2] For instance, in his Rule 26 initial disclosures, Plaintiff stated that he "expects to base his calculation of actual damages on … [o]ne previous license to the photograph in question for $1,250.00." March 12, 2018 Pl.'s Rule 26 Suppl. Initial Disclosures (Ex. 6) at 3. And Plaintiff has represented previously to this Court that he values "the actual damages in this case at $1,250.00, based on Plaintiff's previous history of licensing" the Photo. *See* Pl.'s Mem. in Supp. of Mot. for Protective Order [ECF No. 38] at 2. Consistent with these statements, Plaintiff appears poised to use the Bernstein Invoice to prove his actual damages at trial. Indeed, Plaintiff's only damages-related trial exhibit is the Bernstein Invoice. *See* Pl.'s Rule 26(A)(3)(A)(iii) Pretrial Ex. Disclosure [ECF No. 47-1] at 7.

However, conspicuously absent from Plaintiff's proposed trial exhibits are any documents relating to how he and Bernstein arrived at the $1,250 figure. His documents and deposition testimony tell the story: In April 2016, Plaintiff discovered that Bernstein had been using the Photo (as well as another of his photos that is not at issue here) on several of its websites without Plaintiff's permission. *See* DX-10 at 1; Brammer Dep. at 84:3-19. Plaintiff called Bernstein to question these allegedly unauthorized uses, and followed up with an email soon after that detailed the several "infringements that I've found." *See* DX-10 at 1. These included: (1) four websites operated by Bernstein, (2) two apartment rental websites on which Bernstein had posted listings, and (3) one physical print located in one of Bernstein's apartment buildings. *See id.* at 1-2.

---

[2] Plaintiff has abandoned any claim for statutory damages or attorney's fees. *See* March 15, 2018 Pl.'s Mem. in Supp. of Mot. for Protective Order [ECF No. 38] at 2 ("This case does not involve the possibility of statutory damages nor attorneys' fees pursuant to 17 U.S.C. § 504(c) because Plaintiff has not alleged timely registration of Copyrighted Photograph.").

One day after alerting Bernstein of the alleged infringement, Plaintiff sent another email wherein he offered Bernstein various terms both to resolve any prior use of the Photo and to license the Photo for additional use going forward. Specifically, he offered:

- To settle the prior online uses at $200 per website, for a total of $1200;
- To settle the prior use of the physical print for $600; and
- To license the online use of the Photo going forward for $1200 (for six months) or $1500 (for one year).

*See* DX-10 at 3-4. So for instance, if Bernstein wished to settle the prior infringement and use the Photo for another year online, Plaintiff's total offer was for $3,300. *See* Brammer Dep. at 102:13-105:1. Bernstein's representative, Susan Haas, responded shortly thereafter with a "counter offer": "a onetime [sic] payment of $2500.00 to use the 2 images on our web sites as well as the printed image inside the building and no time restriction of use." DX-10 at 4. Plaintiff responded: "That will work for me." *Id.* at 5. He then sent an invoice to Bernstein for the $2,500 payment, allocating $1,250 for the Photo, and the same amount for the photograph not at issue in this case. *See* PX-3.

As this invoice was the result of a settlement between Plaintiff and Bernstein, it is not admissible at trial.

**ARGUMENT**

Federal Rule of Evidence 408 precludes a party from introducing evidence of settlement agreements in order to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408; *see also Middle E. Broad. Networks, Inc. v. MBI Glob., LLC*, 689 F. App'x 155, 159 (4th Cir. 2017) ("[W]hen a party seeks to introduce settlement negotiations as evidence for a purpose prohibited by Rule 408, courts are *required* to exclude the evidence.") (emphasis in original). Thus, courts routinely hold that settlement evidence offered to establish "the amount of

3

damages [Plaintiff] could receive," is inadmissible. *See, e.g.*, *Coutard v. Mun. Credit Union*, 848 F.3d 102, 114 (2d Cir. 2017).

One rationale for the rule is that settlement terms "are normally compromised positions taken by each party and in no way forecast the appropriate remedy for a case that has advanced to litigation." *United States v. Quality Built Constr.*, 358 F. Supp. 2d 487, 490 (E.D.N.C. 2005); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 3476994, at *9 (D. Md. Aug. 8, 2011) (noting the "realities of modern litigation, where parties settle for [] myriad [] reasons"), *aff'd*, 526 F. App'x 255 (4th Cir. 2013); *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985) ("[S]ettlement may well reflect a desire for peaceful dispute resolution, rather than the litigants' perceptions of the strength or weakness of their relative positions."); *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 568 (S.D.N.Y. 2017) ("[S]ettlement agreement[s] … carry little evidentiary weight because they are too tightly bound to the incentive to avoid litigation to cast much light on the underlying merits of the case.") (citation omitted).

The rule applies equally where the settlement or offer sought to be introduced involves a non-party to the current litigation. Courts often exclude such evidence based on a combination of Rule 408 and irrelevance, holding that not only are such non-party settlement agreements barred by the plain language of Rule 408, but also that they "make[] no material fact in the present case more or less likely."[3] *See, e.g.*, *In re Outsidewall Tire Litig.*, 748 F. Supp. 2d 543, 555 (E.D. Va. 2010), *aff'd*, 682 F.3d 292 (4th Cir. 2012); *Waytec Elecs. Corp. v. Rohm & Haas Elec. Materials, LLC*, 255 F. App'x 754, 758-59 (4th Cir. 2007) (affirming trial court's exclusion of evidence

---

[3] The Bernstein Invoice is inadmissible for this reason as well—the compromise position taken by Bernstein in responding to Plaintiff's offer has no bearing on whether Violent Hues infringed on Plaintiff's copyright, or how damages should be valued here. *See* Fed. R. Evid. 401, 402. Similarly, introduction of the invoice would require a mini-trial on Bernstein's alleged infringement, and therefore would both waste time at trial and confuse the issues. *See* Fed. R. Evid. 403; *Bilenky v. Ryobi Ltd.*, 2014 WL 12591940, at *7 (E.D. Va. Oct. 22, 2014) ("Trials within a trial are the prototypical dangers warned of by Rule 403's 'confusing the issues' and 'undue delay.'").

4

regarding defendant's settlements with other parties under Rules 403 and 408); *Quality Built Constr.*, 358 F. Supp. at 490 (holding that under Rule 408, settlement evidence "is inadmissible, even [when] … between a party and non-party," and that "[e]vidence of the terms of settlement between Plaintiff and a similarly-situated defendant is irrelevant to setting the appropriate relief in this case."). Courts outside of the Fourth Circuit agree, consistently holding that Rule 408 "is clear by its text and history that it covers not only settlements and negotiations between the parties to the lawsuit, but also settlements and negotiations involving a third party." *In re MSTG, Inc.*, 675 F.3d 1337, 1344 (Fed. Cir. 2012); *see, e.g.*, *Portugues-Santana v. Rekomdiv Int'l*, 657 F.3d 56, 63 (1st Cir. 2011) (Rule 408's prohibition on settlement evidence "applies equally to settlement agreements between a defendant and a third party and between a plaintiff and a third party."); *McInnis*, 765 F.2d at 247 (similar).

Here, there can be no doubt that the Bernstein Invoice was a settlement between Plaintiff and Bernstein. As described above: Plaintiff alleged that Bernstein had infringed on his copyright; he offered to settle the prior infringement for a sum certain; Bernstein responded with a counter offer; and Plaintiff accepted. *See supra* pp. 2-3; DX-10. Lest there be any doubt, Plaintiff agreed at deposition that he considered the Bernstein payment to be "a settlement with [Bernstein] for the … prior unlicensed use of [his] photo." Brammer Dep. at 106:17-20.

Likewise, there is no doubt that Plaintiff seeks to use to invoice to establish the "amount of a disputed claim." Fed. R. Evid. 408(a). Plaintiff has made it abundantly clear—though his discovery responses and his filings with this Court—that he intends to prove his actual damages using the Bernstein settlement. *See supra* pp. 1-2. But such a use is not permitted under the Federal Rules of Evidence, and the Bernstein Invoice must be excluded from trial.

5

## CONCLUSION

For the foregoing reasons, Violent Hues respectfully requests that the Court exclude the Bernstein Invoice (PX-3) from trial, as well as all evidence, argument, and testimony related thereto.[4]

Dated: May 18, 2018

Respectfully submitted,

/s/ Paul J. Weeks
Judson D. Brown (*pro hac vice*)
Thomas P. Weir (*pro hac vice*)
Paul J. Weeks (VA Bar No.: 89656)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone: (202) 879-5000

*Counsel for Defendant Violent Hues Productions, LLC*

---

[4] If the Court grants this motion, Violent Hues expects that the rationale will apply equally to one of its proposed trial exhibits: DX-10 (attached here as Ex. 3). Violent Hues listed that document on its exhibit list out of an abundance of caution, and if this motion is granted Violent Hues does not plan to introduce DX-10 at trial.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2018, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

/s/ Paul J. Weeks
Paul J. Weeks (VA Bar No.: 89656)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone: (202) 879-5000