# EXHIBIT 1



Brammer v VHP,
17-cv-01009 (EDVA)

DX 6

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

RUSSELL BRAMMER,

    Plaintiff,

v.

VIOLENT HUES PRODUCTIONS, LLC,

    Defendant.

Civil Action No.: 1:17-cv-1009

## PLAINTIFF'S RESPONSE TO DEFENDANT VIOLENT HUES PRODUCTIONS, LLC'S FIRST AND SECOND SET OF INTERROGATORIES

Plaintiff, RUSSELL BRAMMER, by and through the undersigned attorney, hereby responds to the Defendant's First Set of Interrogatories dated February 9, 2018, and Defendant's Second Set of Interrogatories dated February 23, 2018.

## GENERAL OBJECTIONS

1. Plaintiff objects to every interrogatory that calls for privileged information, including, without limitation, information protected by the attorney-client privilege.

2. Plaintiff objects to every interrogatory that calls for information prepared in anticipation of litigation or for trial absent a showing of substantial need by Defendant.

3. Plaintiff objects to every interrogatory that calls for any information containing or reflecting the mental impressions, conclusions, opinions and/or legal theories of any attorney for Plaintiff, on the grounds that such information is protected by the attorney work product doctrine.

4.  Plaintiff objects to every interrogatory that is overly broad, unduly burdensome, harassing, duplicative or which requests documents which are already in the possession of Defendants.

5.  Plaintiff objects to every interrogatory that calls for information which is neither relevant to the subject matter of the pending Complaint nor reasonably calculated to lead to the discovery of admissible evidence in connection with the pending Complaint.

6.  Plaintiff objects to every interrogatory, and to every introductory "definition" or "instruction," that seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, as reasonably interpreted and supplemented by local court rules.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1: Identify each and every individual or entity with whom you have communicated (or who has communicated with you) regarding Violent Hues, the date and manner of each such communication, and indicate whether and how the communication related to The Photograph.

ANSWER:

I shared the facts of the case and my feelings on the matter with my wife, Laura Cassil, on a number of occasions, but forget the exact dates. I also spoke with Adam Stackhouse, a Richmond-based friend about the case. I asked him if he was involved with the Northern Virginia Film Festival. He said no. I briefly explained that the website was using one of my photographs without permission.

INTERROGATORY NO. 2: Identify each and every individual or entity that has

knowledge of the taking of The Photograph, as described in ¶ 7 of The Complaint.

ANSWER:

Laura Cassil was present in the building while I was on the roof taking the photograph. She was

the general manager of the yoga studio that occupied the building.

INTERROGATORY NO. 3: Identify each and every individual or entity that has

knowledge of the circumstances regarding the posting of The Photograph on the internet, as

described in ¶¶ 8-9 of The Complaint, as well as any other online posting.

ANSWER:

a.      Flickr.

b.      2013 DCist Exposed Photography Show. I uploaded the photo to Flickr to enter this

photography contest. I was accepted into the show.

INTERROGATORY NO. 4: Identify and describe in detail the circumstances of when

and how you learned of the copyright infringement alleged in The Complaint.

ANSWER:

I used Pixsy (www.pixsy.com) to search for infringing uses of my photographs. Pixsy identified

the infringement using technology not under my control, then made available the information on

my personalized "dashboard" on www.pixsy.com.

INTERROGATORY NO. 5: Identify the amount of actual damages that you contend

that you have sustained as a result of the copyright infringement alleged in The Complaint.

ANSWER:

I have previously licensed the photograph for $1,250.00 under circumstances narrower than those under which Defendant used the photograph. The invoice has been previously shared with Defendant and is included in my responses to Defendant's Request for Production of Documents. Additionally, FotoQuote estimates a license for use using the appropriate data (Website, Promotional, Worldwide, up to half page) at $873.00 - $1,746.00. I have sustained minimum actual damages in this case of $1,250.00.

INTERROGATORY NO. 6: Identify the date, and describe in detail the circumstances of the first Publication of The Photograph.

ANSWER:

Plaintiff objects that requests in this format are vague and call for a legal conclusion, specifically the use of the term "publication," which has a legal definition that is the subject of a current split in Federal circuits.

INTERROGATORY NO. 7: Identify the date, and describe in the detail the circumstances of the Registration of The Photograph.

ANSWER:

I filed for registration of the photograph at issue in this case on September 30, 2016 using www.copyright.gov. I followed the rules as prescribed by the United States Copyright Office (www.copyright.gov). As a result of my application, the United States Copyright Office issued a Certificate of Registration, Registration Number: VA 2-056-245.

INTERROGATORY NO. 8: Identify each and every time that you have been compensated for The Photograph and how much compensation you received, including but not limited to creative fees or licensing fees as described in Plaintiff's Memorandum in Opposition

to Defendant's Motion to Dismiss (ECF No. 7).

ANSWER:

a.      March 14, 2012, $280, 24x36 Gallery Wrap print, no license.

b.      2013 DCist Exposed Photography Show, between $200 and $300, 24x36 Gallery Wrap

print, no license.

c.      April 13, 2015, Izumi Studio, $75, brochure, license

d.      April 7, 2016, Bernstein Property Management, $1,250, terms included in the invoice.

e.      November 11, 2016, $300, 20x30 Gallery Wrap print, no license.

f.      August 4, 2017, $750.00, Pixsy, license.

   INTERROGATORY NO. 9: Identify the copyright management information that you

allege Violent Hues removed from The Photograph, as alleged in ¶ 19 of The Complaint.

ANSWER:

I included "© All rights reserved" immediately below the photograph posted to Flickr

   INTERROGATORY NO. 10: Identify the false copyright management information

that you allege Violent Hues provided, as alleged in ¶ 19 of The Complaint.

ANSWER:

Violent Hues posted "© 2017. All Rights Reserved" on the bottom of the webpage on which my

photograph was copied and posted.

   INTERROGATORY NO. 11: Identify each of the "similar photographs" referenced in

your February 20, 2018 Fed. R. Civ. P. 26(a)(1)(A)(i) disclosures, providing the title of the

photograph; date, time and place of capture; any copyright registration information; the date(s)

and place(s) of Publication; and the date and location of any online postings.

ANSWER:

My Rule 26(a)(1) Disclosures have since been amended to exclude the "similar photographs" language.

INTERROGATORY NO. 12: For each of the "similar photographs" described in your response to Interrogatory No. 11 above, describe in detail why the photograph is "similar" to The Photograph at issue in the above-captioned litigation.

ANSWER:

My Rule 26(a)(1) Disclosures have since been amended to exclude the "similar photographs" language.

INTERROGATORY NO. 13: For each of the "similar photographs" described in your response to Interrogatory No. 11 above, identify each and every time that you have been compensated for that photograph, including but not limited to creative fees, licensing fees or sales, as those terms are used in your February 20, 2018 Fed. R. Civ. P. 26(a)(1)(A)(i) disclosures and Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (ECF No. 7).

ANSWER:

My Rule 26(a)(1) Disclosures have since been amended to exclude the "similar photographs" language.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on March 12, 2018

_____
Russell Brammer

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 27, 2018, copies of the foregoing Plaintiff

Russell Brammer's Response to Defendant Violent Hues Productions, LLC's First and Second

Set of Interrogatories were delivered by first class mail and email to the following:

Thomas P. Weir
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, D.C. 20005
Telephone: (202) 879-5000
<u>tom.weir@kirkland.com</u>