IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

RUSSELL BRAMMER,

    Plaintiff,

v.                                           Civil Action No. 1-17-cv-01009

VIOLENT HUES PRODUCTIONS, LLC,

    Defendant.

## MEMORANDUM OPINON

THIS MATTER comes before the Court on Defendant Violent Hues Productions, LLC's Motion for Summary Judgment. Plaintiff Russell Brammer, a photographer, initiated this suit claiming that Violent Hues infringed his copyright by using a photograph on Violent Hues' website which Brammer had captured and posted online.

Brammer took the photograph at issue in this case in November of 2011. The photo is a time-lapse depiction of the Adams Morgan neighborhood of Washington, D.C., at night. Brammer posted this photo on several online image-sharing websites as well as his personal website. He applied for a copyright registration in September 2016, which was granted in July 2017.

Violent Hues organizes an annual film festival, the "Northern Virginia Film Festival." In 2014, Violet Hues created a website intended to be used as a reference guide providing information about the local area for filmmakers and other attendees of the festival. The website provides information about lodging, transportation, and things to do in the Northern Virginia/Washington D.C. area.

In 2016, Violent Hues posted a cropped version of Brammer's photo on its website. Violent Hues' owner, Fernando Mico, found the photo online. He alleges that he saw no indication that the photo was copyrighted and believed he was making use of a publically available photograph. Brammer's attorney sent Violent Hues a demand letter in February 2017, after which Violent Hues immediately removed the photo from its website.

Brammer brought two claims against Violent Hues. The first, Count I, was for copyright infringement, under 17 U.S.C. § 504(b). The second claim, Count II, was for removal and alteration of copyright management information, under 17 U.S.C. § 1202, asserting that Violent Hues intentionally removed Brammer's copyright information from the photo before using it on its website and provided its own false copyright information for the photo. Despite raising this second claim in his Complaint, Brammer did not respond to Violent Hues' arguments regarding Count II either in his opposition to Violent Hues'

Motion for Summary Judgment or during oral arguments at the hearing on that motion. The Court therefore finds that Plaintiff has abandoned Count II.

With regard to Count I, Violent Hues argues that summary judgment should be granted in its favor because its use of the photo was fair use and therefore not infringement. See Bouchat v. Balt. Ravens Ltd. P'ship, 737 F.3d 932, 937 (4th Cir. 2013) (holding that "[a] finding of fair use is a complete defense to an infringement claim"). There are four factors that the Court must consider to determine whether a particular use is a fair use:

> (1) the purpose and character of the use, including whether such use is of a commercial nature . . . ; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. Considering each of these factors, the Court finds that Violent Hues' use of the photo was a fair use, and therefore did not constitute infringement.

When examining the first factor, the purpose and character of the use, Fourth Circuit precedent provides two related factors for the court to consider: (1) "whether the new work is transformative," and (2) "the extent to which the use serves a commercial purpose." Bouchat, 737 F.3d at 939. The Fourth Circuit has held that "[t]he use of a copyrighted work need not

3

alter or augment the work to be transformative. Rather, it can be transformative in function or purpose without altering or actually adding to the original work." A.V. ex rel. Vanderhye v. iParadigms, LLC, 562 F.3d 630, 639 (4th Cir. 2009).

Here, Violent Hues' use of the photograph was transformative in function and purpose. While Brammer's purpose in capturing and publishing the photograph was promotional and expressive, Violent Hues' purpose in using the photograph was informational: to provide festival attendees with information regarding the local area. Furthermore, this use was non-commercial, because the photo was not used to advertise a product or generate revenue.

In addition to being transformative and non-commercial, Violent Hues' use of the photo was also in good faith. The record indicates that Mr. Mico, Violent Hues' owner, found the photo online and saw no indication that it was copyrighted. Mr. Mico attests that he thus believed the photo was publically available. This good faith is further confirmed by the fact that as soon as Violent Hues learned that the photo may potentially be copyrighted, it removed the photo from its website.

Moving to the second fair use factor, the nature of the copyrighted work here also favors a finding of fair use. "'[F]air use is more likely to be found in factual works than in fictional works,' whereas 'a use is less likely to be deemed

4

fair when the copyrighted work is a creative product.'" Vanderhye, 562 F.3d at 640 (quoting Stewart v. Abend, 495 U.S. 207, 237 (1990)). "However, if the disputed use of the copyrighted work 'is not related to its mode of expression but rather to its historical facts,' then the creative nature of the work is mitigated." Id. (quoting Bond v. Blum, 317 F.3d 385, 396 (4th Cir. 2003)).

The photograph in question contained creative elements (such as lighting and shutter speed choices) but was also a factual depiction of a real-world location: the Adams Morgan neighborhood in Washington, D.C. Violent Hues' used the photo purely for its factual content, to provide festival attendees a depiction of the Adams Morgan neighborhood.

Furthermore, the scope of fair use is broadened when a copyrighted work has been previously published. It is undisputed in the record that Brammer previously published the photograph on several websites as early as 2012, and at least one of these publications did not include any indication that it was copyrighted. This prior publication and Violent Hues' use of the photo for its factual content favors a finding of fair use.

Looking to the third factor, the amount and substantiality of the portion used in relation to the copyrighted whole, it is relevant that Violent Hues edited the photograph by cropping approximately half of the original photo from the version it

5

used on its website. Violent Hues used no more of the photo than was necessary to convey the photo's factual content and effectuate Violent Hues' informational purpose. The Court thus finds that this factor also weighs in favor of fair use.

Finally, concerning the fourth factor, there is no evidence that Violent Hues' use of the photo had any effect on the potential market for the photo. The Supreme Court has stated that this fourth factor is "undoubtedly the single most important element of fair use." Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 566 (1985). The Court's task "is to determine whether the defendant['s] use of the plaintiff['s] works 'would materially impair the marketability of the work[s] and whether it would act as a market substitute' for them." Vanderhye, 562 F.3d at 643 (quoting Bond, 317 F.3d at 396).

There is no evidence that Violent Hues' use has had an adverse effect on the market for the photograph. Brammer attests that he has been compensated for the photo six times, including three physical print sales and three usage licenses. At least two of these sales occurred after Violent Hues' alleged infringement began, demonstrating that Violent Hues' use did not affect the market for the photo. Brammer further testified that he currently makes no effort to market the photo. Additionally, Violent Hues' transformative and non-commercial use of the photo

undercuts a finding of adverse effect on the photo's market: Violent Hues did not sell copies of the photo or generate any revenue from it. There can be no legitimate argument that Violent Hues has "usurp[ed] the market" by providing a market substitute for the photo, especially since Violent Hues only used approximately half of the photo on its website. See Vanderhye, 562 F.3d at 643.

Because each of the four fair use factors favors Violent Hues, the Court finds that Violent Hues' use was a fair use, and that there was no copyright infringement. As explained above, the Court also finds that Brammer has abandoned his claims under Count II of the Complaint.

For the foregoing reasons, this Court finds that summary judgment should be granted in favor of the Defendant. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 11, 2018

7